**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 96-4147

JOHN FITZGERALD PRESCOTT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Peter J. Messitte, District Judge.
(CR-95-323-PJM)

Submitted: December 10, 1996

Decided: December 26, 1996

Before HALL, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Denise C. Barrett, Assis-
tant Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Larry A. Adams, Assis-
tant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John F. Prescott appeals from his conviction for possession of a firearm after a felony conviction. 18 U.S.C.A. § 922(g) (West Supp. 1996). On appeal, he argues that the district court abused its discretion by giving an Allen* charge after the jury reported a deadlock.

Officer McClanahan testified that he initiated a traffic stop of Prescott, intending to issue a speeding ticket. After Prescott and McClanahan pulled to the side of the highway, McClanahan observed Prescott reach to the glove compartment, the front floor, the back seat and the rear floor of the car. Prescott then moved from the driver seat to the passenger seat and exited the car on the passenger side. He stood with his body wedged between the frame of the vehicle and the passenger side door.

McClanahan got out of the police cruiser and repeatedly ordered Prescott to show his hands. Prescott displayed his left hand, but not his right. Officer McClanahan ordered Prescott back into the car. Prescott complied. McClanahan testified that as he walked around the back of his cruiser and approached the passenger side of Prescott's vehicle, he saw Prescott fling a handgun through the passenger window.

McClanahan called for assistance, and other officers arrived along with a canine unit. After a forty-minute search, the firearm was located by Officer McClanahan. No fingerprints were lifted from the firearm. Prescott's defense was that McClanahan planted the firearm and that he was being victimized with a false weapons charge.

The jury deliberated for an hour and a half, then retired for the evening. One hour into deliberations the following morning, the jury sent out a note asking to rehear Officer McClanahan's testimony. The trial judge instructed them to rely on their recollection. Two hours later,

_____

*In Allen v. United States, 164 U.S. 492 (1896), the Supreme Court approved the trial court's admonishment to a deadlocked jury to make an additional effort to reach a verdict.

2

the jury reported that they were unable to reach a unanimous verdict. Over Prescott's objection, the judge gave a modified Allen charge, encouraging further deliberations in an effort to reach a unanimous verdict. The court also instructed:

> each of you who finds yourself in the minority must reconsider your views in light of the opinions of the majority, or if the vote is six/six, with the other side, and, likewise, each of you who finds yourself in the majority must reconsider your views in light of the opinion of the minority.

After an additional hour of deliberations, the jury returned a verdict of guilty. After the district court imposed a fifty-one month sentence, Prescott appealed, arguing that the trial judge abused his discretion by giving an Allen charge when the jury reported a deadlock after deliberating for a long period of time over simple and straightforward facts. He also contends that the charge was improper because the court failed to include a reference to the reasonable doubt standard.

In determining whether an Allen charge has an impermissibly coercive effect on jury deliberations, the reviewing court should consider the content of the instruction as well as the context. Jenkins v. United States, 380 U.S. 445, 446 (1965). In a traditional Allen charge, the jury was informed that a new trial would be expensive, there is no reason to believe that another jury would do a better job, it is important to reach a unanimous verdict, and jurors in the minority should consider whether the position of the majority is correct. See United States v. Russell, 971 F.2d 1098, 1107 n.18 (4th Cir. 1992), cert. denied, 506 U.S. 1066 (1993).

Based on the concern that the instruction to the minority members may be impermissibly coercive, this court mandated the modification of the Allen charge to require the district court to instruct both the minority and the majority on the jury to reconsider their positions in light of the other side's views. United States v. Burgos, 55 F.3d 933, 941 (4th Cir. 1995); United States v. West, 877 F.2d 281, 291 (4th Cir.), cert. denied, 493 U.S. 959 (1989).

The instruction given the jury here is substantially similar to the instruction approved by this court in United States v. Sawyers, 423

3

F.2d 1335 (4th Cir. 1970). The trial judge instructed all members of Prescott's jury--minority and majority--to reconsider their views in light of the opinions of the other side. Additionally, the court instructed "none of you should surrender your honest belief as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict." This last sentence factors against a finding of coercion.

The jury deliberated for approximately an hour after the Allen charge. This suggests that the jury did listen to the others' viewpoints rather than the minority simply being coerced into agreeing with the majority. Cf. United States v. Rogers, 289 F.2d 433, 436 (4th Cir. 1961) (verdict few minutes after Allen charge "hardly long enough to have permitted a painstaking re-examination of the views which the minority had held steadfastly until the charge was given.").

We find that the Allen charge given the jury in Prescott's case was not coercive, but rather encouraged the members of the jury to consider the views of the other members. Because the language is similar to the language of the charge upheld in Sawyers , we find that the wording of the Allen charge was not an abuse of discretion. Further, there is no authority in this Circuit to support Prescott's contention that giving an Allen charge after the jury had deliberated for longer than the length of the trial is per se an abuse of discretion.

Prescott contends that the judge should have instructed the jury on the reasonable doubt standard as a preliminary instruction to the jury, at the close of the trial, and during the Allen charge. Although other circuits have endorsed a reference to the reasonable doubt standard in an Allen charge, Potter v. United States , 691 F.2d 1275, 1280 (8th Cir. 1982), this Circuit has not. Sawyers, 423 F.2d at 1339.

Further, the judge instructed the jury concerning reasonable doubt, the tape-recorded instructions were available for the jury to replay if there was any question on the standard, and Prescott's counsel spoke at length about reasonable doubt during his closing to the jury. There was no error in the failure of the district court's preliminary charge or Allen charge to include a reference to the reasonable doubt standard.

4

In conclusion, we affirm Prescott's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5