James A. O'CONNOR, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 97–2278.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 22, 1997.

Decided Jan. 9, 1998.

Howard B. Eisenberg (submitted), Milwaukee, WI, for Petitioner–Appellant.

Mel S. Johnson, Office of the United States Attorney, Milwaukee, WI, for Respondent–Appellee.

Before BAUER, EASTERBROOK, and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

After his conviction for racketeering was affirmed, 953 F.2d 338 (7th Cir.1992), James O'Connor filed motions under Fed.R.Crim.P. 32 and 35. More than two years ago we affirmed the order denying relief. No. 94–2381 (7th Cir. Aug. 25, 1995) (unpublished order). Next O'Connor filed a motion under Rule 33, asserting that the prosecutor had concealed exculpatory evidence. That motion, too, was denied, and we affirmed. No. 96–2992 (7th Cir. July 8, 1997) (unpublished order). Our order concluded: "If O'Connor has facts on which to base a genuine *Brady* claim, he may file a petition under 28 U.S.C. § 2255. But he must recognize that, under the amendments to § 2255 made by the Antiterrorism and Effective Death Penalty Act, he has only one try, and should choose wisely. (We need not consider the question whether a Rule 33 motion counts as a collateral attack for purposes of the amended 28 U.S.C. § 2244(b).)" Perhaps we should have suspected, given O'Connor's litigiousness, that by the time we wrote this he had already filed a § 2255 petition, which the district court had denied—on the sole ground that O'Connor could not pursue Rule 33 and § 2255 remedies concurrently. A judge of this court issued a certificate of appealability after the district judge declined to do so.

■ Our order of last July posed but did not answer the question whether post-trial motions under Rule 33 count as collateral attacks for purposes of the recent rule severely curtailing second or successive collateral attacks. See 28 U.S.C. § 2255 ¶ 8, incorporating 28 U.S.C. § 2244. It remains open here and, as far as we can discover, throughout the federal system. One might have expected the United States to address it in this appeal. It did not. Instead the United States argues that the current § 2255 petition is "second or successive" to a § 2255 petition that O'Connor filed on January 14, 1994, and the district court dismissed shortly thereafter. The prosecutor argues that we have no alternative but to affirm under *Nu-*

*ñez v. United States,* 96 F.3d 990 (7th Cir. 1996), because O'Connor did not obtain our permission to commence a second § 2255 proceeding.

■ The United States does not tell us why the 1994 petition was dismissed and does not seem to think that the reason matters. Yet as we stressed in *Felder v. McVicar,* 113 F.3d 696 (7th Cir.1997), and *Benton v. Washington,* 106 F.3d 162 (7th Cir.1996), it is essential to know what happened to the initial petition in the district court. A petition that is "returned" as insufficient under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts (or Rule 2(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts) does not count as an initial petition; neither does a petition under § 2254 denied for failure to exhaust state remedies. *Felder* adds that a petition withdrawn or dismissed for want of prosecution may be counted as an initial petition if the petitioner gave up when things looked hopeless. The idea behind § 2255 ¶ 8 is that a prisoner is entitled to one, but only one, full and fair opportunity to wage a collateral attack. A proceeding commenced and abandoned midway through is an opportunity squandered, but an opportunity nonetheless. O'Connor, however, did not have a chance to litigate in 1994. The district court returned his petition without a decision on the merits, ruling that a collateral attack could not be commenced while the appeal from the denial of the Rule 32 and 35 motions was pending in this court. The United States Attorney's brief did not mention this fact, and we are disappointed that the Department of Justice has asked us to rule that a prisoner has irretrievably forfeited his opportunity to obtain collateral review of his conviction, without ensuring that the initial petition satisfied the standards of *Benton* and *Felder.*

■ O'Connor's latest petition was thrown out of court because it was filed while the appeal from the denial of the Rule 33 motion was on our docket. As he had in 1994, the district judge remarked that only extraordinary circumstances justify entertaining a collateral attack while another proceeding that might upset the conviction is under consideration. See *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir.1993). O'Connor argued that his petition was supported by just such a circumstance: there were only six days to go before the first anniversary of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104–132, 110 Stat. 1214. That anniversary was significant for three reasons: first, the AEDPA added a one-year statute of limitations for commencing collateral attacks, see 28 U.S.C. § 2255 ¶ 6; second, post-judgment motions (such as those under Rules 32, 33, and 35) do not suspend the period, so O'Connor had accumulated one year of "countable" time even before the AEDPA's enactment; but, third, we stated in *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir.1996) (en banc), reversed on other grounds, — U.S. ——, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), that "no collateral attack filed by April 23, 1997, may be dismissed under § 2244(d) and the parallel provision added to 28 U.S.C. § 2255 by § 105 of the 1996 Act." O'Connor got his petition in under the wire. *Young v. United States,* 124 F.3d 794, 795–96 (7th Cir.1997), holds that this aspect of *Lindh* is unaffected by the Supreme Court's conclusion that the AEDPA's amendments to §§ 2241–55 do not apply to cases filed before April 24, 1996. So O'Connor's petition on April 17, 1997, was timely. Had he waited a few days longer it would have been too late. By denying the petition the district court has foreclosed all relief under § 2255; it is now impossible for O'Connor to commence a timely collateral attack.

The district court relied on a principle that as originally articulated was limited to direct appeals from the conviction and sentence. It makes no sense to crank up a collateral attack while a pending appeal may afford the prisoner the relief he seeks. *United States v. Davis,* 604 F.2d 474, 484–85 (7th Cir.1979). We have never considered whether the same approach is best when the appeal concerns the denial of a post-trial motion. Perhaps the question has not arisen because it did not matter before the AEDPA. A prisoner may select from a palette of post-trial motions the one that best suits his circumstances, and if more than one is made at the same time the court can and should consider them together. Consolidation is harder if the decision con-

cerning one motion is on appeal when the second reaches the district court, but until the AEDPA the prisoner could wait to file the second. No longer. Now delay can be dispositive.

 *Davis* and similar cases established a rule of sound judicial administration giving priority to whatever proceeding was first put in hand. Priority now must go to petitions under § 2255, for once the direct appeal ends the clock starts ticking. Treating all issues together still makes sense, and it remains a poor use of judicial resources to have separate challenges to a conviction pending at the same time, but it is no longer appropriate to achieve these benefits by denying the § 2255 motion, as opposed to consolidating all of the defendant's motions or, when that is not possible, deferring action on the § 2255 petition until the appeal is over. Today a district court that receives a Rule 33 motion during the year after the conviction has become final should ask the defendant whether he plans to file a § 2255 petition addressing other issues. If the answer is "yes," the judge should defer adjudication of the Rule 33 motion so that all issues may be taken up together. Any other course fractures the case into slivers, jeopardizes the defendant's opportunity for one complete collateral attack, or both.

A district court sometimes may find it prudent to grant or deny a § 2255 petition on the merits, even if some other post-judgment motion is pending. Congress expressed in the AEDPA a strong preference for swift and conclusive resolution of collateral attacks. A petition should be granted at once if it is clearly meritorious; keeping a person in prison just because an existing yet unsuccessful challenge is still in the works would be a perversion of justice. A petition should be denied at once if the issues it raises clearly have been forfeited or lack merit under established law. Only the more difficult petitions, whose evaluation requires an evidentiary hearing or a substantial investment of judicial time, should be deferred. The United States contends that O'Connor's petition so clearly lacks merit that it could have been denied even though his appeal from the denial of relief under Rule 33 was pending. But the district court did not engage in substantive review; it denied the petition solely because an appeal from the Rule 33 proceeding was pending. The district court must resolve O'Connor's petition on the merits.

The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.