**Robert M. LEVINE, Movant,**

v.

**UNITED STATES of America, Respondent.**

No. 2:97–CV–164–RL.

United States District Court, N.D. Indiana, Hammond Division.

Aug. 18, 1998.

---

Robert M. Levine, Florence, CO, Pro se.

Andrew B. Baker, Asst U.S. Atty., Dyer, IN, for Respondent.

### ORDER

LOZANO, District Judge.

This matter is before the Court on the Motion for Recusal of Judge Pursuant to 28 U.S.C. § 144, filed by Movant, Robert M. Levine, on June 8, 1998. For the reasons set forth below, this motion is **DENIED**.

Robert Levine was previously convicted in this Court, took an appeal, lost the appeal, filed a motion for new trial in this Court in 1995, lost that motion, took an appeal, and lost again on appeal. Now pending before the Court is Levine's pro se motion under 28 U.S.C. section 2255. Levine argues that this Court should recuse itself under 28 U.S.C. section 144, which requires a district judge to recuse when a litigant files a "sufficient affidavit" demonstrating that the judge "has a personal bias or prejudice either against [the litigant] or in favor of any adverse party."

Levine asserts that the Court made numerous mistakes during his trial, in ruling on his 1995 motion for a new trial, and in addressing his current section 2255 motion. According to Levine, these mistakes are so flagrant that the only explanation for them is that the Court has it in for him personally.

■ Levine does not make much headway by focusing on the Court's decisions, as "judicial rulings alone almost never constitute a valid basis" for recusal based on bias or prejudice. *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).[1] "[O]nly in the rarest circumstances" can rulings alone "evidence the degree of favoritism or antagonism required.... Almost invariably, [rulings] are proper grounds for appeal, not for recusal."

---

**1.** While *Liteky* is not strictly a section 144 case, its comments on what it takes to establish bias are certainly applicable to the "bias or prejudice" standard of section 144. *See Liteky*, 510

---

*Id.* In the same vein, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for" recusal based on bias or prejudice unless "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.; see also Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1117, 137 L.Ed.2d 317 (1997).

■ Through the course of his conviction, appeals, and 1995 new trial motion, Levine was represented by four lawyers: a former AUSA, a well-known Chicago criminal defense attorney and law professor, a self-professed specialist in appeals and post-conviction work, and an experienced member of this Court's CJA panel. Levine took two appeals and the Seventh Circuit affirmed both times. These affirmances, coming despite the efforts of four ostensibly competent attorneys, make clear that through the 1995 new trial motion, this Court did not engage in a pattern of flagrantly incorrect decisions.

■ Levine also complains of the Court's temperament and the brevity of some of its rulings. However, recusal-justifying bias or prejudice are not established by "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Liteky*, 510 U.S. at 555–56, 114 S.Ct. 1147. Nothing Levine accuses the Court of exceeds these bounds.

Finally, Levine points to the Court's handling of his section 2255 motion to date. He delivers an avalanche of criticism, much of it conclusory and unclear. Still, several points do bear examination.

---

U.S. at 544–45, 548, 114 S.Ct. 1147; 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3542 (West 1998 Supp.).

■ Levine asserts that the Court acted in contravention of Seventh Circuit authority. However, the case Levine cites, *O'Connor v. United States,* 133 F.3d 548 (1998), was decided after the actions Levine complains of. The Court's failure to anticipate Seventh Circuit decisions cannot demonstrate bias or prejudice. Levine may also assert that the Court has acted in contravention of *O'Connor* since it was handed down. The Court has endeavored to give Levine a full and fair ruling on all issues that are not identical to those squarely addressed in denying his 1995 new trial motion. Even if the Court were to entertain identical issues again, it would rule the same way. At best, Levine has an issue for appeal; he has not established bias or prejudice.

■ Levine points to the Court's denying his motion to amend his section 2255 motion as a reason for recusal. Levine filed his section 2255 motion, the Court ordered the Government to supply a limited response, the Government filed that response, and then Levine filed his motion to amend. Because the Government responded before Levine moved to amend, he was not able to amend "as a matter of course" under Federal Rule of Civil Procedure 15(a) as he claims, but instead needed leave of court. Levine's motion to amend did not clearly identify the issues he wanted to add, and it touched on already settled issues not related to amending the section 2255 motion. *See* Order of 10/1/97. Later, Levine did identify the issues he wanted to add, some of which clearly should have been raised on appeal of his 1995 new trial motion. *See* Order of 1/13/98, p. 30. Still, the Court recognized that in certain aspects, the new issues were potentially cognizable on a section 2255 motion, and ordered the Government to respond accordingly. *See id.,* pp. 30–31. So, in effect Levine was able to amend his section 2255 motion to add nonfutile issues. *See General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d at 1074, 1085 (7th Cir.1997) (stating that futile amendments need not be allowed).

■ Although the Government had responded, Levine claims he had an absolute right to amend with any issue he chose. Even if that were true, the result here would not be different. Had the Court allowed Levine to add all the issues he eventually identified, it still would have deemed them issues that in part had to have been raised on appeal, and rejected them in part under Rule 4 of the Rules Governing Section 2255 Proceedings without requiring the Government to respond. Moreover, rote application of Rule of Civil Procedure 15(a)'s amendment "as a matter of course" provision is not required in a section 2255 proceeding because (1) a district court "may" apply the Federal Rules of Civil Procedure to section 2255 proceedings, and (2) rote application is not completely "consistent with" the rules specifically governing section 2255 proceedings, as the district judge preliminarily screens section 2255 motions for merit before the prosecution has to respond, while in regular civil proceedings the defendant must answer the plaintiff's complaint automatically or face a default. *See* Rules Governing Section 2255 Proceedings, Rules 4 & 12; Federal Rules of Civil Procedure 15 & 55. Having strayed into the merits in some detail, the Court returns to the real issue now pending, the resolution of which is clear: Nothing in the Court's handling of Levine's request to amend shows bias or prejudice. At best, Levine has an issue for appeal.

■ Likewise, the Court's preliminary screening of Levine's section 2255 motion does not create a basis for recusal. The Court reviewed Levine's motion, identified roughly seventy separate issues, and rejected many of them without requiring a response from the Government or holding an evidentiary hearing. Many of the issues were rejected for lack of evidentiary or other support or for not being set out in sufficient detail. The Court has the authority in a section 2255 proceeding to rule as it did. Rule 4 of the Rules Governing Section 2255 Proceedings; *Humphrey v. United States,* 896 F.2d 1066, 1070 (7th Cir.1990). At best, Levine has an issue for appeal; he has not established bias or prejudice.

Also relating to the preliminary screening, Levine suggests that the Court violated Rule 4 by ordering the Government to respond to only part of the section 2255 motion. Read literally, Rule 4 seems to contemplate an all-

or-nothing approach: either the district court rejects the motion as a whole, or it requires the prosecution to respond as a whole. As a practical matter, the Court sees much to recommend ordering partial responses, and no prejudice to movants from doing so. The prosecution should not be required to respond to the entirety of a motion where much of it does not pass Rule 4 muster. Also, requiring the prosecution to respond to all of a partially deficient motion does not give the movant any advantage; after all, in its response the prosecution is not going to say anything to help the movant. The Court has construed and applied Rule 4 in a manner consistent with its plain purpose of weeding out plainly nonmeritorious claims. At best, Levine has an issue for appeal; he has not established bias or prejudice.

█ Levine argues (as he did in a prior motion) that this Court must recuse because it will be called as a witness in an evidentiary hearing. Levine believes that the Court misconstrued Indiana law during his trial, and must be examined on the witness stand about that mistake. Apparently, Levine believes he must question the Court about what it was thinking when it interpreted Indiana law.

Whether a judge was correct on the law is a question that is answered by consulting precedent and examining the record of the case, not getting inside the judge's head. The Court cannot envision a scenario where a judge would be called to the witness stand to determine if he or she made a mistake of law. The exceedingly doubtful prospect of this Court acting as a witness is not a reason for recusal.

█ Levine complains of the page limits the Court has imposed and its refusals to let him amend his section 2255 motion under the guise of motions on peripheral matters. At some point, a court must set limits on the parties' ability to fracture and prolong proceedings by introducing new issues and submitting shotgun briefs. Although he is an experienced business person with some law school training, Levine has chosen to raise every conceivable issue without regard to merit, and his past performance shows that he will take every opportunity to shoehorn

new issues into proceedings at any stage. The Court states this as a frank assessment of reality, not a manifestation of hostility against Levine. The Court's response in the face of Levine's practices is reasonable, and not a manifestation of bias or prejudice.

█ Finally, Levine may place too much emphasis on his affidavit. Contrary to what he seems to assume, merely filing the affidavit required by section 144 does not mean "automatic disqualification." Wright, *supra,* § 3551, p. 631. Things are not that simple:

Section 144 of the Judicial Code ... requires a judge to recuse himself if a party files a timely and sufficient affidavit that the judge has "a personal bias or prejudice" against him. The law is clear that in passing on the legal sufficiency of the affidavit, the judge must assume that the factual averments it contains are true, even if he knows them to be false. An affidavit is sufficient if it avers facts that, if true, would convince a reasonable person that bias exists. The factual averments must give fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment. They must not, however, be mere conclusions, opinions, or rumors. They must be stated with particularity, and must be definite as to times, places, persons, and circumstances.

*United States v. Balistrieri,* 779 F.2d 1191, 1199 (7th Cir.1985) (citations omitted). Levine's request for recusal points to the facts of the proceedings from his trial through the present date. Levine simply recounts what happened, as clearly indicated by the record, so accepting his assertions does not require the Court to ignore falsehoods. However, even though the Court is bound to accept Levine's factual assertions as true, it need not accept the conclusions he attaches to those facts. As covered in detail above, Levine does not have a solid basis for his conclusion that this Court's rulings and conduct in his case show bias or prejudice.