**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**John Fitzgerald PRESCOTT, Defendant–Appellant.**

**No. 99–6721.**

United States Court of Appeals, Fourth Circuit.

Argued June 7, 2000

Decided July 31, 2000

**ARGUED:** Christopher Eric Gatewood, Third–Year Law Student, University of Virginia School of Law Appellate Litigation Clinic, Charlottesville, Virginia, for

Appellant. Andrew Clayton White, Assistant United States Attorney, Baltimore, Maryland, for Appellee. **ON BRIEF:** Neal L. Walters, Tamer Soliman, Third–Year Law Student, University of Virginia School of Law Appellate Litigation Clinic, Charlottesville, Virginia, for Appellant. Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee.

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Affirmed by published opinion. Judge TRAXLER wrote the majority opinion, in which Judge DIANA GRIBBON MOTZ joined. Judge KING wrote a concurring opinion.

## OPINION

TRAXLER, Circuit Judge:

John F. Prescott ("Prescott") appeals the district court's dismissal of his motion for collateral relief under 28 U.S.C.A. § 2255 (West Supp.2000). We affirm.

### I.

On December 15, 1995, a jury convicted Prescott of possession of a firearm after a felony conviction in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Prescott appealed his conviction on February 8, 1996, and on September 24, 1996, moved pursuant to Fed.R.Crim.P. 33 for a new trial. We affirmed Prescott's conviction, *see United States v. Prescott,* No. 96–4147, 1996 WL 735599 (4th Cir. Dec.26, 1996), and approximately three months later the district court on April 1, 1997, denied his Rule 33 motion. Prescott then appealed the denial of his Rule 33 motion, and we affirmed on February 3, 1998. *See United States v. Prescott,* No. 97–6680, 1998 WL 39165 (4th Cir. Feb.3, 1998). On June 19, 1998, Prescott filed a motion pursuant to 28 U.S.C.A. § 2255 which the district court dismissed as untimely. Prescott moved for reconsideration and the district court issued an order denying the motion. Prescott appealed from the denial of his motion for reconsideration, and we granted a certifi-cate of appealability limited to the issue of timeliness of Prescott's § 2255 motion.

### II.

■ Prescott argues that the pendency of a motion for a new trial under Rule 33 tolls the one-year statute of limitations for filing a motion to vacate, set aside, or correct sentence under 28 U.S.C.A. § 2255. Because Prescott raises a question of law, our review is plenary. *See United States v. United Med. & Surgical Supply Corp.,* 989 F.2d 1390, 1398 (4th Cir.1993).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 100 Stat. 1214 (AEDPA), a federal prisoner could collaterally attack his conviction via a § 2255 motion "at any time." 28 U.S.C.A. § 2255 (West 1994). The AEDPA amended § 2255 to read, in pertinent part:

A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from . . .

(1) the date on which the judgment of conviction becomes final. . . .

28 U.S.C.A. § 2255. The statute does not address when a judgment of conviction becomes final, but we have held that "for purposes of § 2255, the conviction of a federal prisoner whose conviction is affirmed by this Court and who does not file a petition for certiorari becomes final on the date that this Court's mandate issues in his direct appeal." *United States v. Torres,* 211 F.3d 836, 837 (4th Cir.2000). We affirmed Prescott's conviction on direct appeal on December 26, 1996, the mandate issued on January 17, 1997, and Prescott did not file a petition for certiorari. Prescott petitioned for relief under § 2255 on June 19, 1998—approximately five months after expiration of the one-year period.

■ As an initial matter, Prescott observes that this court has the authority to toll the filing period of § 2255. Our authority to toll a time limit depends on whether the limit is a jurisdictional bar or a statute of limitations. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385,

393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Harris v. Hutchinson,* 209 F.3d 325, 328–29 (4th Cir.2000). In *Harris,* we held that "the limitations provisions [of the AEDPA] do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts." *Id.* at 329 (internal quotation marks omitted). Thus, § 2255's limitation period is subject to equitable modifications such as tolling. *See id.*

■ Of course, the inquiry does not end with this court's authority to toll the limitation period. Prescott must also adduce circumstances showing that he is entitled to the relief requested. Typically, these "circumstances [are] external to the party's own conduct," thus making it "unconscionable to enforce the limitation period against the party." *Id.* at 330. Prescott candidly admits that the facts of his case do not support equitable tolling, and instead argues that general interests of justice counsel tolling the one-year limitation period while a Rule 33 motion is pending. Recognizing that the extraordinary remedy sought is sparingly granted, *cf. Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), we examine the proffered justifications for tolling.

■ First, Prescott contends that tolling the AEDPA period is necessary to the continued viability of Rule 33 and the efficient operation of the district courts. Rule 33, of course, permits district courts to grant a new trial "if the interests of justice so require." Fed.R.Crim.P. 33. If the basis of the motion is newly discovered evidence, a defendant has "three years after the verdict or finding of guilty" to make the motion. *Id.* Otherwise, the motion "may be made only within 7 days after the verdict or finding of guilty." *Id.* Absent tolling, Prescott augurs that Rule 33 will become enervated if § 2255's one-year period runs regardless of the pendency of other post-conviction motions, or that litigants will clog the dockets of federal courts by filing § 2255 motions before Rule 33 motions have been resolved. Such dire predictions are without foundation.

Though Rule 33 and § 2255 overlap to some extent, there are critical differences which make it unlikely, even with the changes wrought by the AEDPA,[1] that Rule 33 will be eviscerated. For example, upon entertaining a Rule 33 motion, the district court may grant a new trial if the interests of justice favor the movant. By its terms, Rule 33 confers broad discretion on a district court. To grant relief under § 2255, on the other hand, the district court must "find[ ] that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C.A. § 2255. Rule 33's "interests of justice" standard is likely more enticing to a prisoner than the provisions of § 2255. Moreover, Prescott himself proves that Rule 33 remains an oft-traversed avenue of post-conviction relief. Approximately nine months after his conviction, Prescott moved under Rule 33 for "a new trial in the interest of justice." J.A. 21. Prescott's current predicament originated not in his decision to request a new trial pursuant to Rule 33, but his inattention to the limitation period of § 2255.[2] As Prescott

---

**1.** Perhaps the greatest change affecting the context of Rule 33 is paragraph eight, which provides in pertinent part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) *newly discovered evidence* that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no rea-

sonable factfinder would have found the movant guilty of the offense....

28 U.S.C.A. § 2255 (emphasis added).

**2.** Prescott describes § 2255's limitation period as a procedural trap for the unwary. We disagree. In the typical case, a prisoner in federal custody must file his § 2255 motion within one year after his "judgment of conviction becomes final." Our case law fully explains the determination of the conviction's

has proven by his actions, prisoners will continue to utilize Rule 33 in seeking post-conviction relief.

As for docket congestion, we recognize that in some instances the AEDPA's one-year limitation provision will compel a prisoner to file a § 2255 motion before his earlier Rule 33 motion is resolved. Consolidation of motions under Rule 33 and § 2255 is an option, and district courts are well equipped to resolve these motions in a timely and expeditious manner. A problem obviously may arise if "one motion is on appeal when the second reaches the district court." *O'Connor v. United States,* 133 F.3d 548, 551 (7th Cir.1998). However, this state of affairs hardly impedes the administration of justice as alleged by Prescott. A variety of post-trial motions are available to prisoners and were available before the enactment of the AEDPA. Courts have always given each post-trial motion due consideration and the filing of a § 2255 motion while a Rule 33 motion is on appeal in no way jeopardizes the receipt of that process which is due or overly burdens the operation of the district courts.

Prescott further argues that the exhaustion requirement in 28 U.S.C.A. § 2244(d)(2) (West Supp.2000) for state post-conviction proceedings before a § 2254 motion may be considered suggests that tolling is appropriate for federal prisoners' § 2255 motions. Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* Rather than providing support for Prescott's position, we believe that § 2244(d)(2) counsels against tolling in the present case. Tolling with regard to state proceedings "upholds the principle of comity that underlies the exhaustion doctrine." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999) (internal quotation marks omitted),

*cert. denied,* —— U.S. ——, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). The Supreme Court has described comity as a principle based on

> a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Section 2255 applies only to "prisoner[s] in custody under sentence of a court established by Act of Congress," and therefore principles of comity underlying the exhaustion doctrine are inapplicable. Moreover, § 2244(d) indicates Congress was aware of tolling issues regarding post-conviction relief proceedings, yet chose not to add an exhaustion requirement for post-trial motions to § 2255. In light of the unambiguous language of the statute and Congress' knowing rejection of an exhaustion requirement for § 2255, we would be guilty of judicial legislation were we to grant the relief Prescott requests. *See United States v. Brockamp,* 519 U.S. 347, 352, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997) (explaining that absent "counterindications," courts should not assume that "Congress ... intend[ed] courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote"). We therefore decline to toll the limitation period of § 2255 while a petitioner pursues relief under Rule 33.

### III.

For the foregoing reasons, we affirm the district court's dismissal of Prescott's § 2255 motion.

*AFFIRMED*

---

finality, *see Torres,* 211 F.3d at 837, and we fail to see why § 2255 is any more of a "trap"

than, for example, the time periods of Rule 33.

KING, Circuit Judge, concurring:

I must agree that the scheme now encompassed in section 2255 does not permit the tolling of the period of limitations during the pendency of a motion for new trial, and I also agree that the facts underlying Prescott's appeal do not permit the equitable tolling of the limitations period here. I write separately only to highlight a few issues created by the statute as it now stands.

Among other things, section 2255, as amended by AEDPA, encourages the filing of parallel petitions for collateral relief in certain circumstances. That is, a prisoner in Prescott's position must file a section 2255 motion even when another collateral challenge—including a motion for new trial—is already pending. If a prisoner waits until all pending motions have been resolved before filing for relief under section 2255, he risks a statute of limitations bar; such a scheme is plainly antithetical to the interests of judicial efficiency, leaving district courts to manage a new collateral challenge while one collateral challenge is pending. By contrast, Congress sought to prevent the consideration of parallel petitions for collateral relief when a state-convicted prisoner seeks federal habeas corpus relief,[*] and we have recognized that the exhaustion and tolling provisions employed in the section 2244(d)(2) circumstance serve not only the interests of comity, but also the interests of judicial efficiency. *See Yeatts v. Angelone,* 166 F.3d 255, 261 (4th Cir.1999). I am at a loss to explain why Congress would not have similarly insured that, in the section 2255 context, (1) other collateral challenges were resolved before a section 2255 challenge, and (2) the time limitations under section 2255 were tolled during the pendency of other collateral challenges.

I agree with Judge Traxler that district courts should consolidate motions for collateral relief when possible. *See ante* at 688–89. In that regard, another option for the district courts is the approach adopted by the Seventh Circuit in *O'Connor v. United States,* 133 F.3d 548, 550 (7th Cir. 1998). There, the Seventh Circuit provided that when a district court receives a motion for new trial, it must ask the prisoner whether he intends to file a section 2255 motion. If the prisoner intends to do so, the district court is to delay consideration of the Rule 33 motion until it has received the section 2255 petition, permitting the district court to consider all of the collateral challenges at once. This solution would also help to prevent default by prisoners: by asking whether the prisoner intends to file a section 2255 petition, the district court indicates to the prisoner—who, having pinned his hopes on one collateral challenge, might not have realized that the clock is ticking on his section 2255 challenge—that he should proceed with the section 2255 petition. *Id.* at 551 ("Any other course fractures the case into slivers, jeopardizes the defendant's opportunity for one complete collateral attack, or both."). The approach of the Seventh Circuit has obvious merit, and, among other things, it promotes judicial efficiency by encouraging the resolution of collateral challenges together.

Congressional drafting and applicable circuit precedent operate to prevent relief for Prescott in this case, and for that reason I concur in the opinion of my friend Judge Traxler. However, I would suggest that Congress take note of these issues and undertake to remedy them.

---

[*] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").