**Tyrone MOULTRIE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. Civ.A. 9:99–4251–8.
Nos. Crim 9:95–615, Crim 9:96–464.

United States District Court,
D. South Carolina,
Beaufort Division.

May 15, 2001.

---

Robert H. Bickerton, U.S. Attorney's Office, Charleston, SC, for Respondent.

Tyrone Moultrie, Estill, SC, pro se.

## ORDER

BLATT, Senior District Judge.

### INTRODUCTION

This matter has been brought to this Court by the *pro se* Petitioner, who is seeking habeas corpus relief pursuant to 28 U.S.C. § 2255. The Petitioner filed this habeas action on December 30, 1999, while he was confined in a federal prison in Georgia where he was serving a 226 month sentence imposed by this Court. On August 16, 1996, the Petitioner pled guilty to Counts 1, 2, 3, 4, 5, and 6 (substantive drug charges), in Criminal Action 9:95–615, and to Count 1 (drug conspiracy) in Criminal Action 9:96–464. This Court sentenced the Petitioner on July 17, 1997, to 226 months on the drug conspiracy count in 9:96–464, and in 9:95–615 he was sentenced to 226 months on counts 1, 3, 4, 5, and 6, and 60 months on Count 2, all to run concurrently. He was represented during his guilty plea and sentencing by counsel, Daniel A. Beck, Esquire. The Petitioner did file a direct appeal and he was represented by counsel, Robert Haley, Esquire, during those proceedings; the Fourth Circuit Court of Appeals affirmed his convictions and sentence on September 11, 1998, in an unpublished opinion. *See* Attachment 3 to Respondent's May 5, 2000, brief. The Petitioner alleges that he filed a motion for rehearing and for hearing en banc with the Fourth Circuit Court of Appeals, which was denied as untimely filed on October 19, 1998.

The record includes a motion for summary judgment filed by the Respondent, and the Petitioner filed several briefs in opposition and an affidavit. This Court obtained copies of the guilty plea and sentencing transcripts and a copy of the Pre-Sentence Report; it has filed copies of the guilty plea and sentencing transcripts as Court's exhibits in this action. This Court has reviewed the record and the applicable law, and it finds that the Petitioner's § 2255 action has no merit.

### DISCUSSION

Section 2255 habeas relief is available to correct a miscarriage of justice. *See United States v. Pregent,* 190 F.3d 279 (4th Cir.1999). Habeas review is an extraordinary remedy, and it is not available as a substitution for an appeal. *United States v. Harris,* 183 F.3d 313 (4th

Cir.1999). Claims that could have been raised on appeal, but were not, are waived and may not be asserted in a collateral proceeding absent cause and actual prejudice. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

■ The burden in a 28 U.S.C. § 2255 proceeding is on the Petitioner to prove his claim by a preponderance of the evidence. *See Vanater v. Boles,* 377 F.2d 898, 900 (4th Cir.1967). Here, the Respondent has moved for summary judgment on the ground that there is no genuine issue of material fact.

In the 28 U.S.C. § 2255 petition, the Petitioner appears to attack each of his convictions for a variety of reasons: (1) the only evidence of the drug conspiracy count was his dealings with an informant; thus, the government wrongly induced him to plead to that charge, and his trial counsel was ineffective for advising. him to plead guilty to that charge; (2) the indictments against him were not sufficient due to their vagueness; (3) the government promised to move for a downward departure based upon substantial assistance but then wrongfully refused to make it; (4) ineffective assistance of trial counsel based on bad advice regarding the guilty plea, the potential downward departure motion, and the sentencing guidelines, and based upon his failure to object to the Pre–Sentence Report; (5) appellate counsel was ineffective; and (6) his guilty plea was involuntary and unknowing. The Petitioner also requests a motion for downward departure based upon post-conviction rehabilitation.

I. *The AEDPA one year statute of limitations.*

■ The Respondent asserts that the entire § 2255 petition is time barred by the one year statute of limitations set forth in the Anti–Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255. The Respondent points out that the Petitioner's direct appeal was denied on September 11, 1998, and it argues that he had until September 11, 1999, to file his § 2255 petition. This Court notes that the Petitioner did not file a petition for a writ of certiorari in either criminal action and apparently his petition for rehearing and hearing en banc was untimely filed. *See* Petitioner's § 2255 motion filed 12–30–1999. This Court finds that the Petitioner's one year period began to run on September 11, 1998, the date the mandate issued from the Fourth Circuit Court of Appeals; therefore, September 11, 1999, is the date the one year period under the AEDPA expired.[1] *See United States v. Torres,* 211 F.3d 836, 837 (4th Cir.2000) ("for purposes of § 2255, the conviction of a federal prisoner whose conviction is affirmed by this Court and who does not file a petition for certiorari becomes final on the date that this Court's mandate issues in his direct appeal"). Accordingly, the Petitioner's § 2255 action, which was filed on December 30, 1999, is untimely.

■ The Petitioner argues that equitable tolling of the one year period applies to his action. The Fourth Circuit Court of Appeals held that § 2255's limitation period is subject to equitable modifications such as tolling if the requesting party's circumstances are external to the party's own conduct and it is unconscionable to enforce the limitation period against the party. *United States v. Prescott,* 221 F.3d 686 (4th Cir.2000). The Petitioner submitted a pleading on December 30, 1999, the same date this action was filed, seeking to be permitted to file his action late. The

---

1. *See* Court's Exhibit 1 (a copy of the Man- date).

Petitioner explained that he believed that he had mailed his § 2255 petition around July 29, 1999, from FCI Jesup, Georgia; however, he later learned that for some unknown reason the Clerk of Court never received it. For the purposes of this decision, this Court will assume that the Petitioner's explanation for his untimely action is true and that the circumstances were external to the Petitioner's own conduct. Therefore, this Court will not enforce the limitation period against the Petitioner because he apparently filed this action within a reasonable time of learning that the Clerk of Court had not received his first attempt to file a § 2255.

## II. *Sufficiency of the Indictments.*

The Petitioner apparently alleges that his indictments were so vague that they violated the constitutional requirement of due process. This Court has reviewed the indictments to which the Petitioner pled guilty, and it finds that they were adequate and sufficiently set forth the charges against the Petitioner. Moreover, this claim is waived because it could have been raised on direct appeal but was not. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

## III. *Government's promise to move for downward departure motion.*

 The Petitioner argues that the government promised to move for a downward departure motion based upon his substantial assistance. This argument was raised on direct appeal, and the Fourth Circuit Court of Appeals rejected his claim that the government should have filed such a motion. Therefore, Petitioner is barred from bringing such a claim before this Court in a collateral proceeding. *Boeckenhaupt v. United States,* 537 F.2d 1182 (4th Cir.1976); *Argencourt v. United States,* 78 F.3d 14, 16 n. 1 (1st Cir.1996); *United States v. DeRewal,* 10 F.3d 100, 105 n. 4 (3rd Cir.1993).

## IV. *Appellate counsel's effectiveness.*

 The Petitioner raised the ground for relief that his appellate counsel was ineffective. A criminal defendant's right to effective assistance of counsel continues through a direct appeal. *See Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). Ineffective assistance of appellate counsel may be shown if Petitioner can prove that counsel omitted obvious and strong issues while pursuing significantly weaker issues. *Mayo v. Henderson,* 13 F.3d 528 (2d Cir.1994). However, it is not necessarily ineffective assistance when counsel fails to present every non-frivolous issue on appeal; sometimes a weaker non-frivolous issue would have the effect of diluting stronger arguments on appeal. *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Of course, counsel is not deficient for failure to raise a legally meritless claim on appeal. *United States v. Wilkes,* 20 F.3d 651 (5th Cir.1994). Here, the Petitioner did not explain what conduct was ineffective nor did he point to any evidence to support his claim. Filing an *Anders* brief is certainly within the range of professional competence. Therefore, this claim has no merit and is denied.

## V. *Trial counsel's effectiveness.*

The Petitioner alleges that his trial counsel was ineffective for several reasons—he gave him bad advice regarding taking the plea agreement, the potential for a downward departure motion, and the sentencing guidelines. He also claims that his trial counsel erred by failing to object to the Pre–Sentence Report.

 To prevail on a claim of ineffective assistance of counsel, Petitioner must show that there is a reasonable prob-

ability that, but for his counsel's ineffectiveness, the result of his trial would have been different, and that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The second prong of the *Strickland* test is modified slightly when a defendant challenges a conviction entered after a guilty plea; such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.1988), *quoting Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). The Petitioner has the burden to prove that his attorney's conduct in advising him to plead guilty fell below an objective standard of reasonableness, and that, but for such bad advice, he would have declined to plead guilty. *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.1988). The burden is on the Petitioner to establish a reasonable probability that if his attorney had given him accurate information, he would have rejected the plea agreement. *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The crux of this claim appears to relate to the plea agreement's failure to require the government to move for a downward departure based upon substantial assistance. The Petitioner believes that he received a "bad deal" because he gave substantial assistance but the government did not have to file such a motion. It is undisputed that the Petitioner submitted to a polygraph examination, and he failed it. It is also undisputed that the government's reason for refusing to file a substantial assistance motion was based upon the Petitioner's failing the polygraph examination. This Court finds that Mr. Beck's recommendation to accept the plea

agreement, even though it did not contain an obligation on the government to file a downward departure motion, was reasonable. The Petitioner did obtain a benefit in that the 18 U.S.C. § 924(c) charge, which would have required an additional 60 month consecutive sentence, was dismissed by the government. Moreover, by pleading guilty, the Petitioner received a three level reduction in his guideline range for acceptance of responsibility.

The Petitioner alleges that his counsel was ineffective based upon his failure to object to the Pre–Sentence Report. This Court has reviewed the sentencing transcript, and it clearly appears that Petitioner's counsel did object to the Pre–Sentence Report. *See* Sentencing Transcript at pp. 30–85. In fact, Mr. Beck zealously represented the Petitioner and convinced this Court to give a three point reduction for acceptance of responsibility over the Probation Officer and government's objection. *Id.* Moreover, the Petitioner alleges that the only evidence that he committed the drug conspiracy crime was his dealings with an informant, and thus his counsel should not have permitted him to plead guilty. However, the guilty plea transcript reveals that the government had other evidence, in addition to the informant's dealings, to prove the drug conspiracy charge. *See* Guilty Plea Transcript at pp. 24–27.

This Court has reviewed Mr. Beck's representation during the guilty plea and sentencing hearings, and there is no evidence of any conduct which falls below an objective standard of reasonableness.

## VI. *Voluntariness of guilty plea.*

The Petitioner claims that his guilty plea was not knowingly or voluntarily entered because he did not really understand the plea agreement. He alleges that had the plea agreement been explained to him, he would have insisted on going to trial. No-

tably, this claim was not raised before the Court of Appeals during the direct appeal, and it could have been since different counsel represented the Petitioner during those proceedings. The Petitioner does not give any explanation why he waited until after his direct appeal to raise this claim; therefore, there is no cause to excuse the procedural default. Claims that could have been raised on appeal, but were not, are waived and may not be asserted in a collateral proceeding absent cause and actual prejudice. *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979); *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

 Moreover, the guilty plea transcript demonstrates that the Petitioner fully understood the plea and that he knowingly and voluntarily entered into it. Statements made by a defendant during a guilty plea hearing are strong evidence of voluntariness. *United States v. DeFusco,* 949 F.2d 114 (4th Cir.1991).

VII. *Downward departure based upon post-conviction rehabilitation.*

 The Petitioner requests a downward departure motion based upon his post-conviction rehabilitation. This claim is not cognizable because the Petitioner is not going to be re-sentenced pursuant to this § 2255 action. Moreover, even if the Petitioner was to be re-sentenced by this Court pursuant to this action, the Fourth Circuit Court of Appeals has explained that rehabilitation which occurs after the initial sentencing is not a ground for downward departure. *See United States v. Randall,* Nos. 99–4475, 99–4476, 2000 WL 620311 (4th Cir.2000). However, even if this Court did have authority, it would deny the motion. The evidence of his rehabilitation is not so extraordinary as to remove this case from the heartland of prisoners' normal rehabilitation.

## CONCLUSION

Based on the foregoing, it is

ORDERED that summary judgment is hereby granted to the Respondent on all grounds raised by Petitioner in his § 2255 motion, and any other pending motions are denied.

**IT IS SO ORDERED.**

"Court's Exhibit 1"

UNITED STATES COURT OF APPEAL

FOR THE FOURTH CIRCUIT

FILED
October 5, 1998

No. 97-4625
CR-95-615

US v. Moultrie

No. 97-4634
CR-96-464

US v. Moultrie

## M A N D A T E

The judgment of this Court dated 9/11/98 takes effect today.

PATRICIA S. CONNOR
CLERK