**Darrell CHAMBERS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 01–1091.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2002.

Before JONES and COLE, Circuit Judges; GWIN, District Judge.*

### ORDER

Darrell Chambers, represented by counsel, appeals a district court judgment denying his motion to reinstate a previously filed 28 U.S.C. § 2255 motion to vacate his sentence. The parties have expressly

waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In January 1995, a jury convicted Chambers of engaging in a continuing criminal enterprise, conspiring to distribute cocaine, attempting to possess with intent to distribute cocaine, money laundering, false statements to a Federal Deposit Insurance Corporation insured institution, and various firearms offenses. In June 1995, Chambers filed a motion for a judgment of acquittal or for a new trial. The trial court denied the motion, and Chambers received a sentence of life imprisonment for engaging in a continuing criminal enterprise, 30 years for making false statements to FDIC insured institutions, 20 years for money laundering, 10 years for attempting to possess and possession with intent to distribute cocaine, and 10 years for being a felon in possession of a firearm; the sentences were to run concurrently. A panel of this court affirmed Chambers's convictions and sentence on appeal. *United ed States v. Chambers*, No. 95–1995, 1997 WL 441801 (6th Cir. Aug.5, 1997).

Thereafter, Chambers filed three additional motions for a new trial on the grounds of newly discovered evidence. The trial court denied the motions in a February 1998 order, and Chambers filed a timely appeal. In August 1998, Chambers filed a timely § 2255 motion. In December 1998, Chambers's counsel filed a motion to hold the § 2255 motion in abeyance pending the appeal from the denial of Chambers's motions for a new trial. The district court declined to hold the § 2255 motion in abeyance, but it dismissed the § 2255 motion without prejudice. On June 11, 1999, a panel of this court issued its

---

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

**348**

opinion affirming the denial of Chambers's motions for a new trial. *United States v. Chambers*, No. 98–1211, 1999 WL 507039 (6th Cir. June 11, 1999). The mandate was issued on August 17, 1999.

On August 4, 2000, Chambers's new counsel filed a motion to reinstate his prior § 2255 motion, arguing that he is entitled to equitable tolling of the Anti–Terrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations and that he should be permitted to reinstate his prior § 2255 motion. Upon review, the district court concluded that Chambers had not presented any justification for the fourteen-month delay and denied the motion to reinstate. The court granted Chambers a certificate of appealability as to the following issues: 1) whether the district court properly denied Chambers's motion to reinstate his § 2255 motion; and 2) whether any of the issues raised in the original § 2255 motion state a valid claim of the denial of a constitutional right. Chambers has filed a timely appeal, arguing that the district court improperly denied his motion to reinstate, and that his original § 2255 motion asserted meritorious claims.

■ Upon review, we conclude that the district court did not abuse its discretion when it denied Chambers's motion to reinstate his prior § 2255 motion. First, the district court properly concluded that a pending motion for a new trial does not toll the AEDPA's statute of limitations. *United States v. Prescott*, 221 F.3d 686, 687–89 (4th Cir.2000).

■ Second, the district court did not abuse its discretion when it determined that Chambers was not entitled to equitable tolling in this case. *See E.E.O.C. v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir.1996). For the reasons stated by the district court, Chambers's case presents no exceptional circumstances that would entitle him to equitable tolling of the applicable statute of limitations. Chambers has not established that any circumstances existed, which were beyond his control, that made it impossible for him to file his motion in a more timely fashion. *United States v. Cicero*, 214 F.3d 199, 203 (D.C.Cir.2000).

Contrary to Chambers's argument, his reliance on *Sanders v. Numberger*, No. 98–4427, 2000 WL 302711 (6th Cir. Mar.17, 2000), and *United States v. Patterson*, 211 F.3d 927 (5th Cir.2000), is misplaced. The district court properly distinguished these cases from the case at hand because Chambers did not diligently pursue a motion to reinstate his prior § 2255 motion and because Chambers alone was responsible for the delay in filing the motion.

Accordingly, we affirm the district court's judgment.