In the

# United States Court of Appeals
## For the Seventh Circuit

No. 03-2737

LEWIS ALTMAN, JR.,

*Applicant,*

v.

DANIEL J. BENIK, Warden,

*Respondent.*

On Motion for an Order Authorizing
the District Court to Entertain a Second
or Successive Motion for Collateral Review.

SUBMITTED JUNE 30, 2003—DECIDED JULY 25, 2003[*]

Before BAUER, RIPPLE and KANNE, *Circuit Judges.*

PER CURIAM. Lewis Altman has applied for an order pursuant to 28 U.S.C. § 2244(b)(3) authorizing the district court to consider a second or successive petition under § 2254. He filed a previous § 2254 petition in the district court in March 2000, and the court dismissed it as untimely. He needs permission from this court to file another petition only if his previous untimely petition counts as a "prior application" under § 2244(b). We hold that his previous untimely petition does count as a prior

---

[*] This opinion was initially released in typescript form.

application under § 2244(b), and we deny Mr. Altman's request for permission to file a successive petition because he does not meet the criteria outlined in § 2244(b).

# I

## BACKGROUND

In 1993, Mr. Altman pleaded guilty in a Wisconsin court to attempted first degree intentional homicide by use of a dangerous weapon, Wis. Stat. §§ 939.32, 940.01, 939.63(1)(a)(2), and three counts of reckless endangerment by use of a dangerous weapon, Wis. Stat. §§ 941.30(1), 939.63(1)(a)(2). The convictions all stemmed from an incident in which Mr. Altman fired several gunshots from his car towards another car, hitting and injuring one of the car's three occupants. He litigated an unsuccessful direct appeal and in 1997 filed his first § 2254 petition, which he voluntarily dismissed so he could exhaust his state remedies. In March 2000, Mr. Altman returned to district court with a new § 2254 petition, but the court dismissed it as untimely and denied his request for a certificate of appealability. He sought a certificate of appealability in this court, but we dismissed the case because his notice of appeal was untimely.

He now seeks permission to file a successive § 2254 petition and proposes challenging his conviction on the bases of insufficient evidence, ineffective assistance of trial counsel for failing to adequately investigate his crime and for operating under a conflict of interest, and ineffective assistance of state post-conviction counsel for not raising a challenge to the sufficiency of the evidence.

## II

## ANALYSIS

Section 2244(b) requires petitioners to get permission from the courts of appeals before filing second or successive petitions in the district courts. Not every petition counts for purposes of § 2244(b), so in some cases later petitions are not considered second or successive under § 2244(b) and can be filed without permission from the courts of appeals. We have previously identified several cases in which prior petitions do not count because they suffer from technical or procedural deficiencies that the petitioners can rectify before refiling their petitions, but we have never decided whether a petition dismissed as untimely counts for purposes of § 2244(b). We hold today that a prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.

For purposes of § 2244(b), we do not count previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling. For example, we do not count petitions dismissed because the petitioner filed in the wrong district, *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999), or failed to pay the filing fee, *Benton v. Washington*, 106 F.3d 162, 165 (7th Cir. 1996). Likewise, we do not count petitions dismissed as premature, *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (petitions filed before exhaustion of state remedies not counted); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998) (claim earlier dismissed as premature could be litigated in a later petition); *see O'Connor v. United States*, 133 F.3d 548, 550-51 (7th Cir. 1998) (petition dismissed because post-trial motion was still pending not counted). In these cases the

petitioners are able to rectify the problems and then refile their petitions for a merits determination of the substantive claims.

If, however, a petition is resolved in a way that satisfies a petitioner's one "full and fair opportunity to raise a [federal] collateral attack," *O'Connor*, 133 F.3d at 550, then it does count for purposes of § 2244(b). So, petitions that have been denied on the merits, *see, e.g., In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999), that the petitioner voluntarily dismisses in the face of an imminent loss, *Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000); *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997), or that have been denied based on a procedural default, *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000); *Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir. 1998), do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment.

In this case, Mr. Altman filed his prior petition after the one-year statute of limitations expired, so the district court dismissed it as untimely. Mr. Altman can do nothing to correct his late filing, and if he refiled his petition the district court would again deny it as untimely. He received his one opportunity to litigate a federal collateral attack, but he failed to do it in a timely manner. His prior petition therefore counts and he needs this court's permission to file another petition.

We will not, however, grant Mr. Altman that permission. With respect to his proposed claim that there was insufficient evidence of his guilt, authorization is completely barred by § 2244(b)(1) because he presented that claim in his prior untimely petition. *See Taylor v. Gilkey*, 314 F.3d 832, 836 (7th Cir. 2002). The same is true for his proposed claims that his trial counsel was ineffective for failing to investigate his crime and that his post-conviction

counsel was ineffective for failing to challenge the sufficiency of the evidence. With respect to Mr. Altman's proposed claim that his trial counsel was operating under a conflict of interest, he does not rely on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on clear and convincing evidence of his innocence that was previously unavailable. 28 U.S.C. § 2244(b)(2).

## Conclusion

For the reasons set forth in this opinion, we deny Mr. Altman's application for leave to commence a successive collateral attack.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*