**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHANNON YOUNG,

    Plaintiff - Appellant,

v.

STATE GOVERNMENT OF
OKLAHOMA; STEPHEN P. GRAY,
individually; FORREST DAVID
NELSON, individually; KELLY
BURKE, individually; RUDY
BRIGGS, individually; BRUCE G.
SEWELL, individually; JOHN DOES,
1-12; JANE DOES, 1-12,

    Defendants - Appellees.

No. 03-2180
District of New Mexico
(D.C. No. CIV-02-1577 LH/RHS)

**ORDER AND JUDGMENT** *

Before **EBEL** , **MURPHY** , and **McCONNELL** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Mr. Young appeals from the district court's dismissal of his complaint for lack of personal jurisdiction. Because we conclude that the district court lacked personal jurisdiction over the defendants and that the district court did not err or abuse its discretion in dismissing, rather than transferring, the case, we affirm the district court.

## Background

In September 1999, Mr. Young was the defendant in a divorce proceeding in Oklahoma. The divorce decree was entered January 6, 2000. In May 2001, his ex-wife filed an application for citation for contempt, alleging failure to pay alimony and to abide by other requirements of the divorce decree. After a hearing on December 18, 2001, Mr. Young was found guilty of contempt and sentenced to sixty days in county jail. On December 28, 2001, Mr. Young paid $3,900 to expunge his sentence, and was released from custody. Subsequently, Mr. Young's Oklahoma home was sold at a sheriff's sale, and the sale was confirmed by an Order of Disbursement on April 5, 2002.

Mr. Young filed suit *pro se* in the Federal District Court for the District of New Mexico against the "Government of Oklahoma" and the judges, officers and attorneys involved in the divorce and contempt proceedings, alleging various

constitutional violations. The defendants moved to dismiss for lack of personal jurisdiction. The district court found Mr. Young had failed to allege facts sufficient to confer personal jurisdiction under both the due process clause and relevant New Mexico law. Mr. Young appeals from this dismissal.

## Discussion

Because Mr. Young appears *pro se*, we construe his arguments broadly. *See, e.g.*, *United States v. Distefano*, 279 F.3d 1241, 1244 (10th Cir. 2002). Construed broadly, Mr. Young presents two arguments on appeal: first, that the district court erred when it found it lacked personal jurisdiction over the defendants; and second, that it abused its discretion in deciding to dismiss the case without prejudice rather than transferring the case pursuant to 28 U.S.C. § 1631. Neither argument has merit.

## 1. Personal Jurisdiction

We review the district court's determination of personal jurisdiction *de novo. OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). The plaintiff bears the burden of alleging and proving facts that support the exercise of personal jurisdiction, though in the absence of an evidentiary hearing, he need only make a prima facie showing of personal jurisdiction. *Id*. Two requirements must be met for a federal district court to assert personal jurisdiction over a defendant. *United States v. Botefuhr*, 309 F.3d

-3-

1263, 1271 (10th Cir. 2002). First, the defendant must be "subject[] to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Second, "the exercise of personal jurisdiction must 'not offend the due process clause of the Fourteenth Amendment.'" *Botefuhr*, 309 F.3d at 1271 (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)). Mr. Young has failed to allege facts sufficient to meet either requirement.

New Mexico applies a three part test to determine whether personal jurisdiction lies, asking: (1) whether the defendant committed an act or omission specifically set forth in the statute; (2) whether the cause of action arises out of that act or omission; and (3) whether the defendant has sufficient minimum contacts to satisfy due process concerns. *Tercero v. Roman Catholic Diocese of Norwich, Connecticut*, 48 P.3d 50, 54 (N.M. 2002). The statute has been interpreted to "extend[] the jurisdictional reach of New Mexico as far as constitutionally permissible." Thus, the personal jurisdiction inquiry largely collapses into the constitutional due process analysis. *See id*. at 54-55, 57.

Under the Constitution, the defendant must have sufficient minimum contacts with the forum state that allowing the action will not offend traditional conceptions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319-20 (1945). "It is essential in each case that there be some act by

-4-

which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denkla* , 357 U.S. 235, 253 (1958). "[T]he defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson* , 444 U.S. 286, 297 (1980).

In the instant case, the defendants lack the requisite minimum contacts with New Mexico. After reviewing the record and the briefs we conclude, as the district court did, that:

> According to all allegations and proof before this Court, all of the Defendants reside in the State of Oklahoma, and all of the actions complained of occurred in the State of Oklahoma. There is nothing in the record to indicate that any of the Defendants has ties to the State of New Mexico, with the exception of this lawsuit.

Mem. Opinion & Order of Dismissal Without Prejudice at 2. Moreover, aside from asserting that he does not concede the claim, Appellant's Reply Br. at 3, Mr. Young's briefs are devoid of any argument, factual or legal, that the defendants had sufficient contacts with New Mexico to allow the district court to exercise personal jurisdiction over them. We find the district court did not err in holding it lacked personal jurisdiction over defendants, and agree that the exercise of such jurisdiction in this case would violate the defendants' due process rights.

## 2. Transfer Under 28 U.S.C. § 1631

Mr. Young argues that even if the district court lacked personal jurisdiction, it should have transferred the case, pursuant to 28 U.S.C. § 1631, rather than dismissing the case without prejudice. Section 1631 reads in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

Defendants argue Mr. Young waived any right to have the case transferred by not timely requesting transfer before the district court. For purposes of this case, we assume, without deciding, that the mandatory language of Section 1631 requires a court to consider the merits of transfer before dismissing a case for lack of jurisdiction, and that Mr. Young therefore cannot have waived his right to a transfer. *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("Although Miller did not move the district court to transfer the case, we have held that '[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions.'" (quoting *In re McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987)).

Mr. Young argues the word "shall" in Section 1631 mandates transfer in all cases where a lack of jurisdiction can be cured by transfer. However, this Court and others have interpreted the phrase "if it is in the interest of justice" to confer discretion on the trial court in making a decision to transfer an action or to dismiss without prejudice. *Botefuhr*, 309 F.3d at 1274 n.8; *see also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). We therefore review the district court's failure to transfer the case under Section 1631 for an abuse of discretion. *See, e.g.*, *Paul v. I.N.S.*, 348 F.3d 43, 47 (2d Cir. 2003); *cf. Trierweiler v. Machol, Davis & Michael, P.C.*, 90 F.3d 1523, 1543 (10th Cir. 1996).

Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be barred by a statute of limitations if filed anew in the proper forum, *e.g. Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (citing *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997)), whether the claims alleged are likely to have merit, *e.g. Haugh*, 210 F.3d at 1150 (citing *Phillips*, 173 F.3d at 610), and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction, *Trierweiler*, 90 F.3d at 1544 ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper.").

In this case, even if we assume Mr. Young's complaint will be time-barred if refiled in Oklahoma, the other factors outweigh this consideration and render transfer not in the interests of justice. *See Haugh*, 210 F.3d at 1150-51 (finding lack of merit outweighed the fact that claims would be time-barred if not transferred).

First, Mr. Young's complaint is unlikely to have merit. *See id*. at 1150 ("[A] court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed" (quoting *Phillips*, 173 F.3d at 610-11)). Essentially, Mr. Young complains of the results of an ordinary divorce proceeding and an ordinary contempt proceeding following failure to pay alimony. It is unlikely that any of Mr. Young's rights were violated by either proceeding and even if they were, it seems unlikely that Mr. Young will be able to show a lack of governmental immunity on the part of the state actors. Our "peek at the merits" of Mr. Young's case lead us to believe that to transfer Mr. Young's case would raise false hopes and waste judicial resources.

Second, Mr. Young, though appearing *pro se*, must have been aware that all the parties he attempted to sue had little or no contact with the state of New Mexico and that Oklahoma would be the proper forum. *See Keaveney v. Larimer*, 242 F.3d 389, 2000 WL 1853994, *2 (10th Cir. Dec. 19, 2000) ("Keaveney's pro

se status does not excuse his obligation to comply with the procedural rules, including jurisdiction . . . . This is not a case in which jurisdiction . . . turned on the existence of some elusive fact about which Keaveney made an erroneous guess. Rather, the error here is obvious" (internal citations and quotation marks omitted)). Mr. Young's failure to file his complaint in the proper forum cannot be excused as a good faith technical error, and therefore this second factor does not militate in favor of transfer.

Considering these factors in combination, we find transfer would not be in the interests of justice, and that therefore the district court did not err or abuse its discretion in ordering dismissal rather than transferring the case to the District of Oklahoma.

The judgment of the United States District Court for the District of New Mexico, dismissing Appellant's case for lack of personal jurisdiction over the Defendants, is **AFFIRMED** .

Entered for the Court,


Michael W. McConnell
Circuit Judge