Saleh ESSEADI, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE and Board of Immigration Appeals, Respondents.

No. 05–1804AG.

United States Court of Appeals, Second Circuit.

Dec. 19, 2005.

Yasser Helal, New York, NY., for Petitioner.

David N. Kelly, United States Attorney for the Southern District of New York (Sean Cenawood, Assistant United States Attorney), New York, NY., for Respondents, of counsel.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT D. SACK, and Hon. BARRINGTON D. PARKER, Circuit Judges.

SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of December, Two Thousand and Five.

This is a petition for Review of a decision by the Board of Immigration Appeals ("BIA"). On August 26, 2005, we entered

an order denying the petition. In that order, we stated that there was an "[o]pinion to follow." This order will serve as that "opinion."

The INS initiated removal proceedings against Saleh Esseadi after April 1, 1997, and, "as a consequence, the permanent provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 (1996) (IIRIRA), govern our review of his petition." *Gelman v. Ashcroft*, 372 F.3d 495, 497–98 (2d Cir.2004). The IIRIRA establishes a thirty-day period within which a petition for review of a BIA determination must be filed. 8 U.S.C. § 1252(b)(1).

> Although [the petitioner's] reasons for the failure to file a timely petition might be cause for extending the deadline under a more liberal standard, compliance with the time limit for filing a petition to review the BIA's final order is a strict jurisdictional prerequisite. When a petition is filed late, we have no authority to consider it. Although our precedents on this issue addressed an earlier statute with a more generous deadline, the new reduced time period does not change the jurisdictional nature of the statutory requirement.

*Malvoisin v. INS*, 268 F.3d 74, 75–76 (2d Cir.2001) (internal citations, quotation marks and brackets omitted). We therefore do not have jurisdiction over the petition.*

8 U.S.C. § 1252(b)(2) provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Assuming section 1252(b)(2) applies in these circumstances despite our finding that we have no jurisdiction in the first place, and assuming that the Third Circuit would ordinarily be the proper forum under that section, we nonetheless decline to transfer the petition to that Circuit because the petition is untimely and the Third Circuit would therefore be required to dismiss it. *See Daniel v. American Bd. of Emergency Medicine*, 428 F.3d 408, 436 (2d Cir.2005) (refusing to "waste judicial resources by transferring a case that is clearly doomed") (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir.1999)). Because this case "is a sure loser in" the Third Circuit since the limitation period has run, even under the stated assumptions we deny the petition "rather than waste the time of another court" by transferring the petition there. *Id.* (citation and internal quotation marks omitted).

For the foregoing reasons, Esseadi's petition was, on August 26, 2005, DENIED.

---

* We do not consider arguments that might have been made based on legal obligations the BIA might have had to properly notify Esseadi of its order, *cf. Zaluski v. INS*, 37 F.3d 72 (2d Cir.1994) (per curiam), nor the implications of the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, and the Suspension Clause, for his petition. *Cf. Git-* tens v. Menifee, 428 F.3d 382, 387 n. 5 (2d Cir.2005) (per curiam). Neither party has raised either issue before us. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir.1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").