**Ricky Martin Lloyd WALTERS,**
**Petitioner–Appellee,**

v.

**John ASHCROFT, Attorney General of the United States; Immigration and Naturalization Service; Edward J. McElroy, Assistant District Director, Respondents–Appellants.**

**No. 04–0099–pr.**

United States Court of Appeals,
Second Circuit.

Sept. 20, 2006.

Michael R. Holden, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, of counsel; David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellant.

Ira J. Kurzban, Kurzban, Kurzban, Weinger & Tetzeli, P.A. (Alex Solomiany, on the brief), Miami, FL, for Appellee.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

The Government appeals from the order of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge* ) granting Walters's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Walters's habeas petition challenged a final order of removal entered against him by the Board of Immigration Appeals ("BIA") in November 2002.

While this appeal was pending, the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 231 (May 11, 2005) ("Act") came into effect. Section 106(a) of the Act eliminates the habeas jurisdiction of the district courts over claims challenging final removal orders, and provides that petitions for review filed with the Courts of Appeal shall be the exclusive means for challenging final removal orders. By its express terms, the Act is retroactive and applies to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after" the date of enactment. *See id.* at § 106(b). Section 106(c) provides that habeas petitions pending before a district court on the date of enactment be transferred to the court of appeals "in which a petition for review could have been properly filed," and treated as a petition for review. *See id.* at § 106(c).

 Although the statute does not expressly provide for the disposition of habeas petitions that were pending on appeal on the date of enactment, it is now well-established that we must vacate the District Court's opinion and order, and convert this appeal into a petition for review under 8 U.S.C. § 1252. *See Gittens v. Menifee,* 428 F.3d 382 (2d Cir.2005) (per curiam); *Moreno–Bravo v. Gonzales,* 463 F.3d 253 (2d Cir.2006).

 The Government argues that, in cases such as this where the petition for review could not, had it initially been filed as a petition for review, have properly been filed in this court, we lack jurisdiction to hear the converted petition; the Government argues that we are compelled, as a jurisdictional matter, to transfer such petitions to the court of appeals in which the petition could have been brought as a petition for review of a final order of removal. In Walters's case, because his removal proceedings were completed by an immigration judge in Florida, that would be the Eleventh Circuit, *see* 8 U.S.C. § 1252(b)(2), and the Government urges us to transfer the petition there.

In *Moreno–Bravo,* we determined that § 1252(b)(2) is not a jurisdictional provision, but merely a venue provision. *See Moreno–Bravo,* 463 F.3d at 262–63. We therefore have discretion, in an appropriate case, to retain a petition such as Walters'. *See id.* However, under the circumstances of this case, we do not think it appropriate to do so.

In *Moreno–Bravo,* we retained the converted petition for two principal reasons. First, because the case had been fully briefed and argued before us, and because "*Moreno–Bravo,* having been in the custody of the Bureau of Immigration and Customs Enforcement since March 2001, ha[d] waited over three and a half years for a federal court to adjudicate his claims," we concluded that it would be a "manifest injustice" to delay the resolution of his case, *id.* at 262–63; and second, because it would be "futil[e]" to "waste the time of another court by transferring" the petition, given the "utter meritlessness" of *Moreno–Bravo's* claims. *Id.*

Walters, unlike *Moreno–Bravo,* is not presently in custody. Moreover, the Government stipulated at oral argument that Walters will not be returned to custody while his petition is pending before the Eleventh Circuit, notwithstanding our vacation of the District Court's order granting him habeas relief. We thus see no manifest injustice in transferring his petition. In addition, while we take no position on the ultimate merit of Walters' claim, it is clearly far from a "sure loser," *id.* (quoting *Phillips v. Seiter,* 173 F.3d 609 (7th Cir.1999)). Indeed, Walters prevailed in the District Court. While he may not ultimately prevail on his petition for review, it is clearly not futile to transfer the

petition to the circuit in which it properly belongs.

For the foregoing reasons, we vacate the District Court's opinion and order, we convert Walters's habeas petition into a petition for review, and we transfer it to the Eleventh Circuit.