FILED
United States Court of Appeals
Tenth Circuit

February 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NORBERTO PEREZ AROCHO,

        Plaintiff-Appellant,

v.

HARLEY LAPPIN, Director, Federal
Bureau of Prisons; S. NAFZIGER,
Clinical Director,

        Defendants-Appellees.

No. 11-1278
(D.C. No. 1:07-CV-02603-REB-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

Plaintiff Norberto Perez Arocho brought this prison civil rights action

claiming he was unconstitutionally denied treatment for Hepatitis C while at the

federal prison in Florence, Colorado. The district court initially dismissed the

action on the pleadings, holding that the complaint failed to establish personal

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction over defendant Harley Lappin, Federal Bureau of Prisons (BOP) director, and failed to state a claim against defendant Steven Nafziger, clinical director at Florence responsible for plaintiff's treatment. We partially reversed that decision, holding in pertinent part that the allegations of the complaint, if true, established personal jurisdiction over defendant Lappin and that, while the complaint did not state a claim against defendant Nafziger, a dismissal without prejudice was appropriate to give plaintiff an opportunity to cure its deficiencies by amendment. *See Arocho v. Nafziger*, 367 F. App'x 942 (10th Cir. 2010).

On remand, plaintiff amended his complaint and defendants moved for summary judgment. Adopting the recommendation of the magistrate judge, the district court granted the motion and (1) dismissed the claim against defendant Lappin with prejudice after concluding that it lacked personal jurisdiction over him and that transfer to another forum was unwarranted; (2) dismissed plaintiff's primary claim against defendant Nafziger with prejudice on the merits; (3) and dismissed additional claims asserted against defendant Nafziger for failure to exhaust administrative remedies. Plaintiff then timely commenced this appeal. We take up each of these matters in turn below and affirm in all respects save one: the dismissal of defendant Lappin for lack of personal jurisdiction should have been without prejudice, and we therefore remand the matter to the district court to modify its judgment accordingly.

A very brief factual summary will suffice to frame the case. As additional facts are needed to assess particular issues, they will be introduced in the course of our analysis below. Plaintiff has been diagnosed with chronic Hepatitis C since approximately 2002. In July 2007, a blood test suggested advancing liver disease, and defendant Nafziger ordered additional testing. He also recommended that plaintiff be given the psychological evaluation required before beginning Interferon/Ribavirin therapy. In October 2007, after the evaluation, defendant Nafziger submitted a recommendation to the BOP Central Office that plaintiff be approved for the therapy. Plaintiff was informed of the recommendation, and then was told in January 2008 and February 2008 that it was still awaiting approval. Defendant Nafziger left BOP's employ in late February 2008. In the meantime, plaintiff filed this suit seeking damages and injunctive relief, claiming that the denial/delay of the treatment constituted deliberate indifference to a serious medical need in violation of his Eighth Amendment rights, attributable to both defendants Lappin and Nafziger.

## I. DISMISSAL OF CLAIM AGAINST DEFENDANT LAPPIN

In our previous decision, we made it clear that our reversal of the initial dismissal on the pleadings in favor of defendant Lappin did not foreclose a later dismissal on an evidentiary record developed for summary judgment:

> Of course, the question of personal jurisdiction can always be revisited at a post-pleading stage of the proceedings, where the evidence may show that the relevant facts are other than they have

been pled (*by showing, for example, that Lappin* actually had nothing to do with the denial of Hepatitis C treatment, or *was connected with the denial of treatment only through application of a broad policy issued at the national level* and was unaware of any harm that would specifically befall Mr. Arocho in Colorado).  And when personal jurisdiction is assessed at an evidentiary hearing or at trial, the plaintiff generally must substantiate his allegations with proof by a preponderance of the evidence. . . .

*Id.* at 950 (emphasis added) (citation omitted).  That is just how events unfolded on remand.

## A.  Analysis of Personal Jurisdiction

Defendant Lappin presented evidence, contrary to plaintiff's allegations but uncontroverted by any competent evidence from plaintiff, that he was not directly responsible for authorizing the recommended treatment.  That responsibility was delegated to the Assistant Director of BOP's Health Services Division.  R. Vol. 1 at 353.  Defendant Lappin did not make specific decisions regarding medical treatment.  *Id.*  And he was not aware of plaintiff's condition or the request made for its treatment.  *Id.* at 354.  Echoing the emphasized statement in the passage from our earlier decision quoted above, Lappin confirmed that "[a]ny decisions [he] made which may have affected the provision of medical services within the [BOP] have been of general applicability to all [BOP] facilities."  *Id.* at 353.

The magistrate judge began her analysis of personal jurisdiction by noting that defendant Lappin did not have the kind of continuous and systematic contacts with the forum state to support the exercise of "general" personal jurisdiction

over him. *See generally Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (explaining and contrasting general and specific personal jurisdiction). We agree. Defendant does not reside in, work in, or have direct control over the operation of any prison facility in the State of Colorado.

The focus of the personal jurisdiction question here has been, rather, on the court's "specific" personal jurisdiction over defendant Lappin, particularly whether he "purposefully directed" activities at the forum state that gave rise to the plaintiff's injury. *See Arocho*, 367 F. App'x at 949-50 (following analysis of this condition for specific jurisdiction in *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071-72 (10th Cir. 2008)). Based on the evidence cited above, the magistrate judge concluded plaintiff could not satisfy this condition for specific personal jurisdiction. The magistrate judge also went on to conclude, alternatively, that defendant Lappin had made a compelling case that the exercise of personal jurisdiction over him would, in any event, offend traditional notions of fair play and substantial justice. *See Arocho*, 367 F. App'x at 950 (discussing this final limitation on the exercise of personal jurisdiction).

Plaintiff was properly warned that he had to submit specific objections to the magistrate judge's recommendation or risk forfeiture of appellate review, *see* R. Vol. 1 at 683, pursuant to this court's firm waiver rule, *see, e.g.*, *Duffield v. Jackson*, 545 F.3d 1234, 1237-38 (10th Cir. 2008); *U.S. v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). He did file a timely objection, *see*

R. Vol. 1 at 688-90, but it was very general and did not advance particularized challenges to the analysis of personal jurisdiction; any challenge in this regard was limited to a general reference to this court's earlier reversal of the dismissal on the pleadings, *id.* at 690. Defendants insist that we apply our waiver rule and summarily affirm the dismissal in favor of defendant Lappin. We decline to do so. Our waiver rule includes an interest-of-justice exception, which takes into account "a *pro se* litigant's effort to comply [and] the force and plausibility of the explanation for his failure to comply." *Duffield*, 545 F.3d at 1238 (internal quotation marks omitted). Plaintiff's objection explained that his legal and personal property was confiscated on March 29, 2011, and had still not been returned a month later when he had to prepare and file the objection. R. Vol. 1 at 688-89. Defendants do not contest these facts.[1] It is not difficult to see how this would undermine the pro se plaintiff's effort to advance particularized challenges to a lengthy and legally complicated recommendation. Under the circumstances, we elect not to rest our disposition on waiver.[2]

---

[1] Defendants argue that we should not consider the confiscation of plaintiff's legal materials as an excuse for his failure to frame more specific objections, because his complaints about the confiscation incident seem to refer, rather, to his inability to file an adequate response to the summary judgment motion. But, while plaintiff's pro se argumentation is at times unclear, the facts he states are not. The confiscation occurred *after* he responded to the summary judgment motion but before the time for filing his objection to the magistrate judge's recommendation, so only the latter would have been affected.

[2] We also decline defendants' suggestion that we summarily affirm on the
(continued...)

Returning to the merits of the personal jurisdiction issue, we fully agree with the magistrate judge's conclusion that there is no evidence defendant Lappin purposefully directed actions at the forum state to cause plaintiff's alleged injury. As already alluded to above, his only potential connection with plaintiff's case relates to decisions of general applicability he has made affecting the provision of medical services within BOP facilities countrywide. As indicated in our decision on the prior appeal, that is not enough to show that he purposefully directed his relevant actions at the forum state. *See Arocho*, 367 F. App'x at 949-50 (applying test for personal jurisdiction distilled from *Calder v. Jones*, 465 U.S. 783 (1984), derived in *Dudnikov*, 514 F.3d at 1072).

## B. Dismissal or Transfer

As required by circuit precedent, the magistrate judge went on to consider whether the district court should exercise its discretion not to dismiss the claim against defendant Lappin but to transfer it to a forum with personal jurisdiction over him. *See, e.g.*, *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In conducting this inquiry, the district court may "tak[e] a 'peek at the

---

[2](...continued)
basis of inadequate appellate briefing by plaintiff on appeal. While not very effective as advocacy, his briefing is sufficient to place the merits of the district court's decision before us. In any event, defendants have not been prejudiced; they clearly knew the operative legal issues and have addressed them at length in their own briefing. *See Arocho*, 367 F. App'x at 950 n.8 (declining similar suggestion by defendants on prior appeal).

merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). As explained in *Phillips*, there is no paradox in this peek at the merits by a court that "lack[s] jurisdiction to adjudicate [the case] fully," as the court is merely acting on its authority "to decide [the limited question] whether to transfer or dismiss" the case. *Phillips*, 173 F.3d at 611. Here, the magistrate judge concluded transfer was not warranted because defendant Lappin's lack of personal involvement in the denial of treatment would undercut any claim on the merits against him. *See Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993) (holding BOP Director could not be held liable in absence of participation in "any decision or approv[al of] any policy that related to the case"); *see Brown v. Montoya*, 662 F.3d 1152, 1164-65 (10th Cir. 2011) (making same point as to claim against state Secretary of Corrections). The district court properly exercised its discretion in declining to transfer on this ground.[3]

---

[3] To avoid misunderstanding, we clarify one point. A supervisory federal official like the BOP director may be held liable for his "personal involvement in the acts causing the deprivation of a person's constitutional rights" *or* "if he implements a policy so deficient that the policy itself acts as a deprivation of constitutional rights." *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998); *see Brown*, 662 F.3d at 1164-65 (making same point as to claim against state Secretary of Corrections). The second basis for liability is significant in that it points to a divergence between the analysis of personal jurisdiction and liability on the merits: as we have noted, defendant Lappin may not be haled into court

(continued...)

## C. Dismissal with Prejudice

Finally, the district court adopted the magistrate judge's recommendation to dismiss with prejudice, contrary to the established rule that dismissals for lack of personal jurisdiction are without prejudice, *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002); *see also Trujillo*, 465 F.3d 1222-23 (noting court's dispositional choices upon finding lack of personal jurisdiction are transfer or dismissal without prejudice); *Arocho*, 367 F. App'x at 951 n.10 (same). The magistrate judge did not cite any authority for this deviation, but just stated that her look at the merits in connection with the question of transfer indicated that defendant Lappin was entitled to a judgment on the merits. There is a fundamental problem with this approach tied to the rationale for the precedent from which it departs.

Like subject matter jurisdiction, "[p]ersonal jurisdiction, too, is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

---

[3](...continued)
everywhere on the basis of a general policy (however unconstitutional) not aimed specifically at the particular forum state; but he could be *held liable*, in the proper forum, for his unconstitutional policies. Thus, for example, if a BOP director were to initiate a policy plainly denying prisoners constitutionally mandated care, legal relief would be available in a forum that could exercise personal jurisdiction over the director. But here, while defendant Lappin vaguely alluded to decisions he has made broadly affecting the provision of medical services in federal prisons, there is no evidence of an unconstitutional policy relevant to plaintiff's claims.

584 (1999) (internal quotation marks and ellipses omitted). Absent the power to proceed to an adjudication, a court must dismiss without prejudice because it *cannot enter a judgment on the merits*. *Guidry v. U. S. Tobacco Co.*, 188 F.3d 619, 623-24 n.2 (5th Cir. 1999) (noting *Ruhrgas* dictates dismissal without prejudice for lack of personal jurisdiction); *see Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217 (10th Cir. 2006) (holding that "once a court determines it lacks jurisdiction over a claim, it perforce lacks jurisdiction to make any determination of the merits"). To be sure, a court may consider the merits of a claim over which it lacks personal (or subject matter) jurisdiction in deciding whether to transfer it to a court with jurisdiction. But, as noted above, the only reason this does not create a jurisdictional paradox is that the court's authority in this respect is limited to a "peek at the merits" solely to determine whether to transfer, not to engage in adjudication.[4] Indeed, any other result would effectively usurp the adjudicative authority of the proper forum.

---

[4] This point also forecloses one other possible rationale for entering a merits judgment here on the basis of the analysis of the transfer issue. When a case involves two claims, one within and one without the court's jurisdiction, and the court's merits disposition of the former necessarily entails the merits disposition of the latter, the court may effectuate that "foreordained" conclusion instead of dismissing the latter claim. *Rural Water Sewer & Solid Waste Mgmt. v. City of Guthrie*, 654 F.3d 1058, 1069 (10th Cir. 2011). But the basis for adjudicating the claim against defendant Lappin here was not a *merits disposition* at all, but only a preliminary assessment pursuant to the court's limited authority to decide whether to transfer the claim.

**D. Conclusion**

In sum, we agree that plaintiff failed to establish personal jurisdiction over defendant Lappin and that dismissal rather than transfer was a proper exercise of the district court's discretion. But the district court's dismissal with prejudice was contrary to circuit precedent and the fundamental principles of adjudicative authority on which that precedent rests. We therefore remand the matter solely for the district court to modify its judgment to reflect that its dismissal of the claim is without prejudice.

## II. CLAIMS AGAINST DEFENDANT NAFZIGER

Defendant Nafziger presented evidence, uncontroverted by competent evidence from plaintiff, establishing the following material facts. He was clinical director at Florence from January 2007 through February 2008. R. Vol. 1 at 306. In July 2007 he noted that plaintiff, who had chronic Hepatitis C, was due for blood testing. *Id.* at 308-09. Most persons with chronic Hepatitis C remain healthy, but a small number develop serious liver disease. *Id.* at 309. Thus, they are typically monitored by testing, *id.* at 309-10, and may be treated with antiviral medication depending on the physician's judgment about the appropriateness and optimal timing for such treatment, which is not always effective, carries adverse risks, and may be superseded by better treatments in the future, *id.* at 310.

When the initial test results were suggestive of advancing liver disease, *id.* at 308, defendant Nafziger recommended that plaintiff be seen in the prison's

-11-

Chronic Care Clinic, *id.* at 309. Such clinics are used to monitor inmates with ongoing medical needs like chronic hepatitis, which require periodic evaluation at clinically appropriate intervals. *Id.* at 308. Plaintiff had refused to go to the clinic in 2003, 2004, 2005. *Id.* This time he went to the clinic and defendant Nafziger ordered more testing. *Id.* In addition, he was sent for a psychological consultation required before starting treatment with Interferon and Ribavirin due to adverse side effects. *Id.* at 310. Shortly thereafter, in October 2007, defendant Nafziger recommended to the Medical Director at the BOP Central Office that plaintiff be approved for treatment. *Id.* at 310-11. He did not have authority to approve the treatment himself, *id.* at 311, and there was nothing more he could do to speed up the process, *id.* The delay awaiting approval was typical for such a request, *id.* at 312, and at the time he terminated his employment with BOP a few months later, "[p]laintiff had not and did not face a substantial risk of harm from the lack of Interferon/Ribavirin treatment in [his] medical opinion," *id.*

**A. Failure to Obtain Interferon/Ribavirin Treatment**

The standard for Eighth Amendment claims of deliberate indifference to prisoner health and safety needs was clarified in *Farmer v. Brennan*, 511 U.S. 825 (1994). In *Farmer*, the Court specified a two-pronged inquiry, with an objective component concerned with the seriousness of the need at issue and a subjective component concerned with the defendant's culpable state of mind. *Id.* at 834.

-12-

The district court's disposition in the instant case turned on the subjective component, so that is where we will focus our analysis.

The *Farmer* Court made it clear that the subjective component is not satisfied "unless the [prison] official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. The Court likened the subjective component to "recklessness in the criminal law," in that the defendant "must consciously disregard a substantial risk of serious harm." *Id.* at 837, 839 (internal quotation marks omitted). The Supreme Court had already emphasized in its initial decision recognizing deliberate indifference claims, *Estelle v. Gamble*, 429 U.S. 97 (1976), that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment," since "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id* at 106. As our cases reflect, when medical judgment is involved "the subjective component is not satisfied, absent an extraordinary degree of neglect." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).

We agree with the district court that plaintiff has not demonstrated the existence of a triable case under these principles. The facts recited above show a medically reasonable course of conservative treatment, followed by a prompt

response by defendant Nafziger when tests he ordered indicated a possible acute turn in plaintiff's hitherto chronic condition. Further testing and evaluation led to his recommendation for the treatment plaintiff seeks. The required authorization remained pending when he left the employ of BOP four months later, and he averred without contradiction that this limited delay was neither unusual nor, in his medical judgment, a matter giving rise to a substantial risk of harm to plaintiff. Whether or not other medical professionals would have followed the same course with a similar patient (and there is no basis in the record to conclude they would not), we see no reasonable basis for a jury to infer that defendant Nafziger knew of and deliberately disregarded a substantial risk of harm to plaintiff. If there has been any constitutional violation with regard to plaintiff's medical treatment during his ongoing federal confinement, it was not at the hands of defendant Nafziger during the fairly short period of time at issue here.

**B. Exhaustion of New Claims Asserted in Amended Complaint**

Plaintiff interjected three new claims against defendant Nafziger in his amended complaint, alleging that he failed to (1) vaccinate plaintiff, leading to plaintiff's contraction of Hepatitis B; (2) ensure that plaintiff received proper medical care after defendant Nafziger left the BOP; and (3) provide adequate medical care generally. The district court dismissed these claims without prejudice for lack of exhaustion.

Congress has directed that no suit over prison conditions may be brought "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement applies to federal prisoners. *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir. 1997), *abrogated on other grounds as explained in Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). As the magistrate judge discussed, defendants submitted an affidavit from an attorney employed at Florence who is familiar with its administrative remedy process and who has access to the database that tracks inmates' complaints and appeals. *See* R. Vol. 1 at 314-17; *see also id.* at 321-33 (attached printout from database). The attorney notes that plaintiff exhausted his original claim about the Interferon/Ribavirin treatment, *see id.* at 317, but not any of the newly asserted claims, *id.* at 318. As plaintiff has not presented any competent evidence to controvert this showing, the dismissal of these claims under § 1997e(a) for failure to exhaust was correct.

The district court's judgment is AFFIRMED in all respects except that the claim against defendant Lappin is REMANDED to be modified to a dismissal without prejudice.  Appellant's motion to proceed on appeal without prepayment of fees is GRANTED.  He is reminded of his continued obligation to continue making partial payments until the filing fee is paid in full.

Entered for the Court


Stephen H. Anderson
Circuit Judge