**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE MURDOCK,

      Petitioner-Appellant,

v.

TERRY MARTIN, Warden,

      Respondent-Appellee.

No. 12-7009
(D.C. No. 6:11-CV-00427-FHS-KEW)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Wayne Murdock, an Oklahoma prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2254 habeas petition. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny a COA and dismiss this appeal.

In 1972, Mr. Murdock was tried and convicted of murder in Oklahoma state court and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Murdock v. State*, 512 P.2d 1392, 1396 (Okla. Crim. App. 1973). He has unsuccessfully sought federal habeas relief on at least four prior occasions.

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In regard to his latest habeas petition, the district court dismissed it for lack of jurisdiction because Mr. Murdock failed to obtain circuit-court authorization to file a second or successive § 2254 petition. Mr. Murdock now seeks a COA to appeal that dismissal.

A COA is a jurisdictional prerequisite to our review of the district court's decision. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if [Mr. Murdock] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his habeas petition on procedural grounds, we will grant a COA only if the district court's procedural ruling is reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude it is not debatable. In his request for a COA, Mr. Murdock challenges the composition of his jury and various procedural and evidentiary matters at trial. But he does not address the district court's jurisdictional ruling. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized second or successive application, the district court may transfer the application to this court if a transfer is in the interest of justice, or dismiss it for lack of jurisdiction. *See id.* at 1252. The district court decided to dismiss, rather than transfer, noting parenthetically that "it is a waste of judicial resources to . . . transfer

. . . frivolous, time-barred cases." R. at 21 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)); *see also Cline*, 531 F.3d at 1251. Nothing before us indicates that any reasonable jurist would disagree with the district court's decision.

Accordingly, we DENY the application for a COA and DISMISS this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -