**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-3586

_____

JOHN CORIGLIANO,
                                        Appellant

v.

CLASSIC MOTOR, INC.; FADI ELIAS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-04180)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2015

Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed:  May 11, 2015)

_____

OPINION[*]

_____

PER CURIAM

        Appellant, John Corigliano, seeks review of the District Court judgment

dismissing his complaint for lack of jurisdiction.  He also requests that his case be

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

transferred to the Southern District of California. For the reasons set forth below, we will remand to the District Court to consider the whether it may be in the interest of justice to transfer this case.

I.

We write primarily for the benefit of the parties and set forth only the essential facts here. In 2011, Corigliano, a collector of rare cars and a resident of New Jersey, purchased a Rolls Royce from Classic Motor, a California dealership owned by Fadi Elias. Elias and Corigliano knew each other before the transaction because Corigliano had previously purchased a car from Classic in 2010. Elias contacted Corigliano to ask his advice about a damaged Rolls Royce Elias was considering taking in trade from another customer. Elias ended up sending photographs of the car to Corigliano, who decided to buy it. Corigliano paid the purchase price in a series of wire transfers in March and April of 2011. The parties disagree whether Corigliano traveled to California in April, but there is no dispute that he traveled to California in June to inspect the car and take care of matters related to the transaction. The car remained in California at a repair shop. The parties eventually got into a disagreement about the extent of repairs necessary on the damaged vehicle and responsibility for the cost of those repairs.

Corigliano sued Elias and Classic in the District of New Jersey. Elias and Classic moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Central District of California as a more convenient forum for the litigation under 28 U.S.C. § 1404(a). Corigliano resisted both the motion to dismiss and the

request for transfer.  The District Court granted Elias and Classic's motion to dismiss the complaint for lack of personal jurisdiction and declined to reach the issue of transfer in light of the dismissal.  Corigliano appealed.

## II.

The District Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  We have appellate jurisdiction over this matter under 28 U.S.C. § 1291. "To the extent that the district court made factual findings, a clearly erroneous standard of review applies.  However, the district court's decision that it possessed personal jurisdiction over the defendants is an issue of law of which our review is plenary." Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1220-21 (3d Cir. 1992) (citations omitted).  Generally, a plaintiff bears the burden of proving personal jurisdiction by a preponderance of the evidence.  Control Screening LLC v. Tech. Application & Prod. Co., 687 F.3d 163, 167 (3d Cir. 2012).  "If the district court does not hold an evidentiary hearing, the plaintiff[] need only establish a prima facie case of personal jurisdiction." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quotation marks omitted).  The District Court did not conduct an evidentiary hearing on the question of personal jurisdiction.

"A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." Id.  We have recognized that "New Jersey's long-arm statute provides for jurisdiction coextensive

3

with the due process requirements of the United States Constitution." <u>Miller Yacht Sales, Inc. v. Smith</u>, 384 F.3d 93, 96 (3d Cir. 2004).

Two types of personal jurisdiction exist: general and specific. General jurisdiction exists when the plaintiff's claim arises out of the defendant's "continuous and systematic" contacts with the forum state. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414-16 (1984). General jurisdiction exists even if the cause of action is unrelated to the defendant's activities in the forum state. <u>Id.</u> at 414. Specific jurisdiction exists when the plaintiff's claim arises out of the defendant's activities within the forum such that the defendant could reasonably anticipate being haled into the state's courts. <u>Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.</u>, 75 F.3d 147, 151 (3d Cir. 1996).

The District Court correctly determined that Classic Motor's contacts with New Jersey, as alleged by Corigliano, are insufficient to establish general jurisdiction. <u>See Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n</u>, 819 F.2d 434, 437 (3d Cir. 1987) ("The nonresident's contacts to the forum must be continuous and substantial."). On appeal, Corigliano limited his argument primarily to the facts related to the District Court's determination that it could not exercise specific jurisdiction over Elias and Classic Motor.

The District Court properly found that Corigliano failed to meet his burden to show that Elias and Classic are subject to specific jurisdiction in the District of New Jersey. To prove specific jurisdiction, the plaintiff must show that the defendant has

4

"purposefully directed [its] activities" at the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Second, the litigation must "arise out of or relate" to at least one of those activities. Id.; see also Grimes v. Vitalink Commc'ns Corp., 17 F.3d 1553, 1559 (3d Cir. 1994). If these two requirements are met, the court then considers whether the exercise of jurisdiction would "comport with fair play and substantial justice." Burger King, 471 U.S. at 476 (quotation marks omitted).

Physical entrance is not required to satisfy the first prong of the specific jurisdiction test. Id.; Miller Yacht Sales, 384 F.3d at 100 (finding that mail and communications sent by defendant into a forum state may count towards minimum contacts in specific jurisdiction analysis). However, to be subject to specific jurisdiction, the defendant must have "purposefully availed itself of the privilege of conducting activities within the forum." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 317 (3d Cir. 2007).

Classic Motor's interactive website does not qualify as purposeful contact. We have observed that

> the mere operation of a commercially interactive web site
> should not subject the operator to jurisdiction anywhere in the
> world. Rather, there must be evidence that the defendant
> "purposefully availed" itself of conducting activity in the
> forum state, by directly targeting its web site to the state,
> knowingly interacting with residents of the forum state via its
> web site, or through sufficient other related contacts.

Toys "R" Us Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003). Here, nothing in the record suggests the website directly targeted New Jersey, or that Classic Motor

knowingly interacted with New Jersey residents through the website. The website showcases cars for sale in California and permits contact with the dealership, but it is not possible to purchase a car online through the website. In any case, Corigliano did not become aware of this particular vehicle through the website but through direct contact with Elias as a result of their ongoing relationship.

Corigliano points to the email he received from Elias about the vehicle as evidence of purposeful availment. However, the email was not a solicitation and Corigliano does not dispute Elias's claim that Corigliano inquired about the vehicle after Elias contacted him asking for advice about whether to take the car in trade. Neither Classic nor Elias is licensed to conduct business in New Jersey. There is no evidence that Elias or Classic targeted New Jersey residents. There is no evidence that Elias or Classic had any contact at all with New Jersey or its residents, aside from two transactions with Corigliano. All of the documents executing the transaction were California forms subject to California law. Corigliano stated in his affidavit in response to the motion to dismiss that he signed a California motor vehicle contract form at the time of his visit. The car was to be repaired in California and there was no provision for delivery of the car to New Jersey. Even assuming Corigliano did not visit California until after the transaction was substantially complete, he has not met his burden of showing that Elias and Classic purposefully availed themselves of the privilege of conducting business in the state of New Jersey such that they could expect to be haled into court on this transaction in that

6

jurisdiction.[1] The District Court correctly concluded that it lacked personal jurisdiction over Elias and Classic Motor.

On appeal, Corigliano requests that the action be transferred to the Southern District of California. The District Court initially granted Elias and Classic Motor's request to transfer the case to the Central District of California under 28 U.S.C. § 1404(a) in its order dismissing the case. It later amended its order and denied transfer, apparently considering that issue moot in light of its decision to dismiss for lack of jurisdiction. However, the District Court's determination that it lacked jurisdiction did not dispose of the question of whether transfer was warranted in the interest of justice. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962); Island Insteel Sys., Inc. v. Waters, 296 F.3d 200, 218 n.9 (3d Cir. 2002).

We would ordinarily review a District Court's decision on this issue for abuse of discretion. See Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) ("Since the term 'interests of justice' is vague, district courts have a good deal of discretion in deciding whether to transfer a case.") (citing cases from Eighth, Fourth, and Ninth Circuit Courts of Appeals). However, because the District Court did not consider the issue in its amended order, there is no exercise of discretion for us to review. We therefore vacate the District Court's judgment and remand to the District Court to consider whether it is in

---

[1] Corigliano cited Calder v. Jones, 465 U.S. 783 (1984), as support for his appeal. However, he did not make any cogent argument applying the logic of Calder to the circumstances of this case. Calder has no application here.

7

the interest of justice to transfer this case to the appropriate District in California under 28 U.S.C. §§ 1404(a), 1406(a), or 1631.