FILED
United States Court of Appeals
Tenth Circuit

December 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WAYNE ANDREWS,

        Plaintiff–Appellant,

    v.

TIMOTHY GEITHNER; DOUGLAS
SHULMAN; OFFICER IN CHARGE OF
COLLECTIONS; GARY QUICK;
ROSEANNE MILLER; LISA K. JONES;
ROXY HUBER, in her individual
capacity,

        Defendants–Appellees.

No. 12-1171

(D.C. No. 1:11-CV-01366-MSK-KLM)

(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Plaintiff Wayne Andrews, proceeding pro se, appeals the district court's dismissal

of his civil rights complaint. Plaintiff sued the Secretary of Treasury and four Internal

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Revenue Service employees (together, the Federal Defendants) as well as the former executive director of the Colorado Department of Revenue (State Defendant), challenging decisions and actions of the IRS and CDOR. The district court adopted the report and recommendation of the magistrate judge recommending Plaintiff's claims against the Federal Defendants be dismissed with prejudice. First, the magistrate judge concluded the court lacked personal jurisdiction as a result of Plaintiff's failure to serve the Federal Defendants as required by Rule 4(i)(3) of the Federal Rules of Civil Procedure. The magistrate judge then concluded any attempt to cure the defects in service would be futile because the Federal Defendants, as federal officials, could not be sued under 42 U.S.C. §§ 1981 or 1983, and because the Federal Defendants, as individual agents of the IRS, were not subject to *Bivens* actions. The district court likewise adopted the report and recommendation of the magistrate judge recommending Plaintiff's claims against the State Defendant be dismissed with prejudice. The magistrate judge concluded Plaintiff's complaint failed to state a claim against the State Defendant under any of the causes of action he asserted: the State Defendant, as a state official, was not subject to a *Bivens* action; Plaintiff's §1981 claim failed because he did not allege discrimination on the basis of his race; Plaintiff did not allege sufficient personal involvement to maintain a claim under § 1983; and Plaintiff failed to plead a violation of his constitutional rights necessary to support his state law conspiracy claim. Plaintiff appeals each of these decisions.

We turn first to the district court's dismissal of Plaintiff's claims against the Federal Defendants. The Federal Defendants contend that Plaintiff has waived the right

to challenge the district court's determination that it lacked personal jurisdiction over them because Plaintiff failed to object to the magistrate judge's report and recommendation on this basis and did not raise the issue in his opening brief. After a thorough review of the record, we conclude Plaintiff has not waived this issue. Construing his pleadings liberally, as we must, Plaintiff did object to the magistrate judge's conclusion that he had failed to properly serve the Federal Defendants. Although Plaintiff did not raise this argument in the body of his objection, he filed, as part of his objection, a separate document titled "Proof of Service," to which he attached copies of certified mail receipts, copies of receipts for postage, and proof of mail delivery. (R. at 345-52.) In his opening brief, Plaintiff argued that service was proper, pointing to the "copies of receipts for the items sent" that he had provided the district court in connection with his objection. (Appellant's Opening Br. at 3.) Accordingly, we conclude Plaintiff has sufficiently preserved this issue for appeal.

Having carefully reviewed the parties' briefing and the record on appeal, we see no error in the magistrate judge's conclusion that Plaintiff failed to properly serve the Federal Defendants as required by Rule 4(i)(3). Although Plaintiff provided some evidence he mailed certain items to the Federal Defendants individually, there is no evidence he complied with the requirements of Rule 4(e), (f), or (g). Accordingly, the magistrate judge correctly concluded the court lacked personal jurisdiction over the Federal Defendants. This conclusion, however, required that Plaintiff's claims against the Federal Defendants be dismissed *without* prejudice. *Arocho v. Lappin*, 461 F. App'x 714,

719 (10th Cir. 2012) (discussing the "established rule that dismissals for lack of personal jurisdiction are without prejudice"). As a result, the district court could not then proceed to resolve Plaintiff's claims against the Federal Defendants on the merits.

We now turn to the district court's dismissal of Plaintiff's claims against the State Defendant. Here, too, we see no error in the magistrate judge's or the district court's reasoning. Accordingly, and for substantially the same reasons set forth by the magistrate judge, we **AFFIRM** the dismissal with prejudice of Plaintiff's claims against the State Defendant. In addition, and for substantially the same reasons set forth by the magistrate judge, we **AFFIRM** the dismissal of Plaintiff's claims against the Federal Defendants for lack of personal jurisdiction. However, we **REMAND** the matter solely for the district court to modify its order to reflect that the lack of personal jurisdiction is the basis for its dismissal of these claims and that the dismissal is without prejudice.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-